CHARLES B. PENROSE v. VENTNOR CITY.

Argued June 8, 1910—Decided November 7, 1910.

A city charter authorized the council to pass ordinances to lay drains or construct sewers, to provide water for extinguishing fires, to supply the city and its inhabitants with water, to regulate the running of water mains through the streets of the city and to direct their extension throughout the entire city; and empowered the council to raise by tax such sum as they might deem expedient for supplying the city with water for the extinguishment of fires and for domestic and other lawful purposes, for purchasing necessary real estate and providing for a sewerage plant, for the contingent expenses of the city and all other objects and purposes authorized by law. *Held,* that the council had the power to raise money by tax for the maintenance and operation of the water system and the sewerage.

On *certiorari.*

Before Justices SWAYZE and VOORHEES.

For the prosecutor, *Clarence L. Cole.*

For the defendant, *George A. Bourgeois.*

The opinion of the court was delivered by

SWAYZE, J. The question involved in this case is the validity of certain assessments of taxes against vacant lots of the prosecutor for the maintenance of the water system and the sewerage system of Ventnor City. Counsel for the prosecutor have argued the case as if the assessment was governed by the rules relating to special assessments for benefits. There is, however, nothing in the case to show that such was the case, and the fact appears to be otherwise. The so-called assessment seems to have been nothing more nor less than the portion of the general taxes which was due to the expense of maintaining the water and sewer system. It may not have been necessary for the city to set forth these items separately in the tax bills,

but certainly the taxpayer is not harmed by having the items.
The only question is whether the charter of the city authorizes
the levying of a tax for the expense of maintenance of the
sewerage system, and the maintenance of the water system,
and supplying the inhabitants with water for public and do-
mestic use.   Ventnor is a city of less than twelve thousand
people, governed by the act of 1897.   Section 18 of that act—
*Pamph. L., p.* 51 (at *p.* 52)—authorizes the common council
to establish ordinances to lay drains or construct sewers in any
street, avenue, highway or section thereof; to provide water for
extinguishing fires and to supply the city and its inhabitants
with water; to regulate the laying of water mains through the
streets of the city and to direct their extension throughout the
entire city.  Section 34, page 63, authorizes the council to raise
by tax in each year such sum as they deem expedient for the
following purposes, among others:   For supplying the city
with water for the extinguishment of fires and for domestic
and other lawful purposes, for purchasing necessary real estate
and providing for a sewerage plant.   We think there can be no
doubt that under these powers the council may raise by tax
such sum as may be necessary for the maintenance of the water
system and supplying the inhabitants with water.   There is
hardly less question that it may raise money for the mainte-
nance and operation of the sewerage system.   The power to lay
drains or construct sewers and the power to impose a tax for
purchasing necessary real estate providing for the sewerage
plant, evidently contemplate a system of sewers in the city.   If
the city is to have such a system it must, by implication, have
power to maintain and operate it.   The argument for such an
implied authority is quite as strong as the argument for the
authority implied in *Lathrop* v. *Morristown,* 36 *Vroom* 467.
The view which the Supreme Court took of this case was not
questioned in the Court of Errors and Appeals, but the objec-
tion to it was put upon the ground that the ordinance did not
profess to act under the section on which the Supreme Court
relied.   *Lathrop* v. *Morristown,* 38 *Id.* 247.   In *Maywood* v.
*Village of Maywood,* 140 *Ind.* 216, the Supreme Court of
Illinois held that a village which had power to construct

sewers had implied power to construct an outlet extending beyond the territorial limits of the village.

The case, however, is stronger than we have stated, for the power given to the common council in the present case authorizes them to raise by taxation money for the contingent expenses of the city and for all other objects and purposes authorized by law. We think that the expression "authorized by law" does not necessarily mean expressly authorized by statute.

It is unnecessary, in the view we take of the case, to consider the constitutionality or effect of the act of 1904. *Pamph. L., p.* 198.

There is no force in the objection that the ordinance provided that the taxes should be due and payable on or before the 20th day of December, and thereafter should become a lien. This provision was unnecessary, since it provided no more than is enacted by the General Tax law of 1903. *Pamph. L., p.* 421, § 42; *Id., p.* 425, § 49.

The taxes are affirmed, with costs.