(Opinion published 56 N. W. Rep. 38.)

---

DAVID M. FINLAYSON *vs.* JOHN D. VAUGHN, County Treasurer.

Submitted on briefs May 15, 1893. Affirmed July 31, 1893.

**Railroad Aid Bonds, What Amount may be Issued.**

Under Laws 1877, ch. 106, as amended by Laws 1878, chs. 45, 46, authorizing the issuance of bonds by a town upon certain specified conditions, the limit of the indebtedness which may be created is five per cent. of the assessed valuation as determined by the last assessment. In determining the amount of such indebtedness the par value of the bonds to be issued is alone considered, and not the interest which may subsequently grow due thereon by the terms thereof.

**Stock in the Company in Exchange Waived.**

Under the statute, the board of supervisors may waive the issuance of stock of the corporation to the town subsequently to the election authorizing the issuance of such bonds.

Appeal by plaintiff, David M. Finlayson, from a judgment of the District Court of Ramsey County, *Hascal R. Brill,* J., entered September 21, 1892, denying the relief he asked.

The defendant, John D. Vaughn, was County Treasurer of Pine County in 1892. The Kettle River Railroad Company made a definite proposition in writing to the Town of Hinckley in that county for aid in building its road. This proposition and a statement in favor of calling an election having been filed with the Town Clerk, he issued notice of election, which was held September 28, 1886, and at the election all the votes were for the railroad proposition. The Board of Supervisors on the next day waived

the right of the Town to stock in the company. On October 1, 1886, the Town issued its twelve bonds for $1,000 each, bearing interest at the rate of seven per cent. per annum, payable annually, and due in thirty years. The railroad was built and the bonds delivered, and the interest has ever since been paid.

In April, 1892, the plaintiff, a taxpayer and freeholder in said Town, commenced this action to enjoin the defendant, as Treasurer, from collecting any tax to pay interest, on the ground that the bonds are invalid and illegal, and do not constitute an indebtedness of the Town. He alleged that the total amount of debt, principal and interest, created by the issue of the bonds was $37,200, to-wit, $12,000 principal and $25,200 interest; that the total assessed value of all the taxable property within the Town of Hinckley in the year 1886 was $251,359 and no more; that five per cent. thereof was $12,567.95. He further alleged that the Treasurer was about to collect and pay over another year's interest on the bonds, and would do so unless enjoined. The trial court held that the limitation to five per cent. of the assessed valuation, (1878 G. S. ch. 34, § 92,) did not embrace the interest on the bonds, but only the principal, and that the Town authorities could waive its right to stock after the railroad proposition had been voted on by the electors. Findings were made and judgment ordered dismissing the action. Judgment was so entered, and plaintiff appeals.

*C. D. & Thos. D. O'Brien,* for appellant.

There were twelve bonds issued, each for the sum of $1,000, each with thirty coupons attached, payable annually, for seven per cent. of the face of the bond as interest, being an aggregate of $70 per annum on each bond, and making a total of the issuance of bonds of principal and interest of $37,200. It is found that the assessed valuation of all taxable property within the Town of Hinckley for the year 1886 was $251,369, of which five per cent. would amount to $12,567.95, yet the bonds amounted in principal and interest to $37,200. The question is whether or not the coupons were to be considered as part of the original indebtedness, or, in other words, whether the interest provided to be paid upon the bonds as issued can be considered and treated as part of the entire bonded indebtedness. We submit that it should be so treated.

The statute provides that the Board of Supervisors may, in case it shall deem it for the interest of the town to do so, waive the issuance by the Railroad Company of the stock to the Town. Such election to accept or waive the issuance of stock should occur before the question of the issuance of bonds is submitted to the electors. In a matter of this importance, the electors should have an opportunity of knowing what the results of their action are to be; that is, whether the bonds are to be issued to the Railroad Company for nothing, or whether they were to receive the stock provided for by the statute in return. We deny that the statute permits the exercise by the Town officers of an option, to accept or refuse the shares of railroad stock after the election has occurred upon the main question. *Francis* v. *Howard County,* 50 Fed. Rep. 44; *Post* v. *Pulaski County,* 49 Fed. Rep. 628; *United States ex rel.* v. *Town of Cicero,* 50 Fed. Rep. 147; *Harrington* v. *Town of Plainview,* 27 Minn. 224; *Town of Plainview* v. *Winona & St. P. R. Co.,* 36 Minn. 505.

*Robert C. Saunders,* for respondent.

The holders of the bonds and attached coupons, payment of which is sought to be enjoined, are not only proper, but indispensable parties to the action. *Board* v. *Texas, etc., Ry. Co.,* 46 Texas, 316.

Should the bonds be declared valid, as they have been by the learned judge who tried the case in the District Court, the Town of Hinckley will be bound without a proper litigation of all questions concerning the validity of the bonds, neither they nor their holders being before the court; and should it be determined that they are invalid, and an injunction granted as prayed for, the judgment and injunction would be either effectual or of no force. If effectual for any purpose, the bondholders, though they have had no day in court, would be forever foreclosed of their rights, for we know of no process of law by which the treasurer and his successors could be compelled to, or justified in, violating a permanent and final injunction against them. If ineffectual, the court is called upon to do a vain thing, to render a judgment that adjudicates nothing and binds no one. Respondent therefore asks that

the judgment of the District Court be reversed, with directions that the action be dismissed.

The interest coupons are not to be computed as a part of the debt in respect of the limitation prescribed by statute. *Durant* v. *Iowa Co.*, Woolw. 69; *Jones* v. *Hurlburt*, 13 Neb. 125. The very definition of interest precludes that it should be so computed. "Interest is a compensation usually reckoned by percentage for the loan, use, or forbearance of money." Interest follows the principal as the shadow follows the substance, yet neither interest nor shadow ever become a part of the principal or the substance. The interest is not a part of the debt. The waiver by the proper town officers of the issuance of stock seems to be within a fair construction of the statute.

VANDERBURGH, J. The township of Hinckley, in the county of Pine, in the year 1886 issued certain bonds in aid of the Kettle River Railroad Company. These bonds, $12,000 in amount, were issued in pursuance of Laws 1877, ch. 106, as amended in Laws 1878, chs. 45, 46; and all the proceedings leading to the issuance thereof are found by the court to have been regular, and in conformity with the statute. It is, however, insisted by the plaintiff that the amount issued, together with the coupons, was in excess of five per cent. of the assessed valuation of the property of the town. Conceding that the plaintiff is right in this, it does not follow, as respondent suggests, that the entire indebtedness is void, but the invalidity would attach only to the excess over the statutory limit. But it does not appear that the entire indebtedness exceeds such limit. The amount of the bonds voted is $12,000, issued October 1, 1886. These bonds bear interest at the rate of seven per cent. per annum, and run thirty years, each bond having corresponding interest coupons attached, payable on October 1st each year, the first being due and payable October 1, 1887. It is also admitted that the total assessed valuation of the taxable property of the town for that year was $251,359. If the principal alone is considered, it is obvious that the total amount of the bonds was within the five per cent. limit. But the plaintiff claims that the interest, which, by the terms of the bonds, was to accrue from year to year after the date thereof, must be included in the

amount allowed to be issued under the statute. This is clearly erroneous, as the court below held. These interest coupons form no part of the principal debt, and the bonds when issued represented at that date an indebtedness for the principal sum only. The statute contemplates nothing more. *Durant* v. *Iowa Co.*, Woolw. 71.

2. The proposition for the issuance of the bonds was in the form required by the statute, and contained a statement that "said railroad company would, in consideration of said bonds, at the election of said town, issue to said town one hundred and twenty shares of its capital stock of the par value of $100 per share, and would deposit the certificates of such shares to be delivered to the proper authorities of said town upon the delivery of said bonds to said company." It is also found that the board of supervisors of the town, after the election authorizing the issuance of the bonds, deeming it for the interest of said town to do so, at a meeting duly held on September 29, 1886, waived the issuance by said railroad company of any stock to said town. On October 1, 1886, the bonds were issued and deposited in escrow to be delivered to the railroad company, which was done prior to January 1st following, but no stock was issued to the town. The plaintiff's contention is that the town supervisors had no authority to waive the issue of the stock, but the statute is a complete answer to this objection. Section 4 provides that the proposition to be voted on shall contain a statement that the railroad company will, at the election of such municipality, issue to it such number of the shares of the capital stock as will at par value correspond with the principal sum of such bonds; and the last proviso in section 5 authorizes the board of supervisors of any such town, in case they shall deem it best for the interest of such town to do so, to waive the issuance of any such stock. It is evident that in some cases the stock would not be of sufficient value to compensate for the risk of the liability of stockholders. In any event, it is left with the supervisors to determine, and their waiver in this instance in no way affects the validity of the bonds.

Judgment affirmed.

(Opinion published 56 N. W. Rep. 49.)