was no obligation resting upon the defendants to give him such information. The closet was not a place in which he was to do his work. It was not in any way connected with the work to be done by him, nor did he have any right to go into it. The door to the closet was closed, and that, at least, should have suggested to him to keep out of it. The place furnished for the plaintiff to work was the room in which the sash was to be set. Defendants were not bound to anticipate that he would leave that place, go roaming over the building, or enter a closed closet, where he had no work to do, and no right to go. Before the defendants could be held liable, plaintiff was bound to establish that his injuries were due solely to the omission of some duty on their part, and this he utterly failed to do.

The judgment and order appealed from are therefore reversed, and a new trial ordered, with costs to appellant to abide event. All concur.

---

PEOPLE ex rel. PHŒNIX CONST. CO. v. HOYLE et al.

(Supreme Court, Special Term, Westchester County. February 17, 1912.)

1. MUNICIPAL CORPORATIONS (§ 864*)—SEWERS—LIMITATION OF COST—BONDS—INTEREST.

The limitation by the Bronx Valley sewer law of the cost of a sewerage system to a specified amount does not include items covering interest on bonds for the improvement, certificates of indebtedness to pay such interest, or interest on such certificates; and hence the commission is not justified in refusing to complete an award of a contract for construction work on an outlet of the sewer, because the amounts already expended, plus such items, exceeded the amount fixed by the law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1828–1835; Dec. Dig. § 864.*]

2. MUNICIPAL CORPORATIONS (§ 864*)—SEWERS—LIMITATION OF COST.

Under the Bronx Valley sewer law, which limits the cost of a sewer improvement, no preference is given in the matter of payments for construction work, and the funds are as much available for the construction of an outlet as for any other part of the work.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 864.*]

Mandamus by the People of the State of New York, on the relation of the Phœnix Construction Company against Frank Jerome Hoyle and others, as the Bronx Valley Sewer Commission. Peremptory writ awarded.

Woodson R. Oglesby, for relator.
Edgar C. Beecroft, for defendants.

TOMPKINS, J. The relator was the lowest bidder and was regularly awarded the contract for the furnishing of the work and materials necessary for the construction and laying of 794 lineal feet of 48-inch cast iron pipe, for the purpose of completing the outlet into the Hudson river of the Bronx Valley sewer. The relator's bid for the work and materials, accepted by the defendants, was $63,892, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after the bids were opened, and the contract was awarded to the relator, notice was given to the relator by the defendants to appear at the office of the defendants on the 22d day of January, 1912, at 10 o'clock in the forenoon, for the purpose of executing the contract and filing the required bond. The relator did appear at that time and place, prepared to execute a contract and file a sufficient bond in the form required by the defendants, whereupon the defendants refused to enter into a contract with the relator, on the ground that they had no funds sufficient to pay for the proposed work, and that none were available for that purpose. No other reason was given by the defendants for refusing to enter into a proper contract with the relator. There was no question as to the reliability of the relator, and the defendant's sole reason for not making a contract, in accordance with the relator's bid and their acceptance thereof, was the alleged lack of available funds; and thereupon this motion was made for a peremptory writ of mandamus, directing the defendants, constituting the Bronx Valley sewer commission, to execute and deliver to the relator a suitable contract.

[1] No question is now raised by the defendants as to the form of the remedy sought on this motion, and the matter is submitted by both sides for a determination by the court as to whether the defendants have a legal right to make such a contract. Under the Bronx Valley sewer law, including the several amendments, the former and the present commissions were and are authorized to expend the sum of $2,930,544 for the construction and maintenance of a sanitary trunk sewer, outlet sewer, and plant for settling and reducing or screening the sewage, and it appears that the amounts expended and incurred for all purposes by both commissions down to the present time is the sum of $3,104,008.67, leaving a deficit, or an amount expended and incurred, in excess of the total expenditure authorized by the Legislature, of $173,494.67, and it was for this reason that the defendants refused to make a contract with the relator. It appears, however, that the said aggregate of moneys expended and debts incurred to wit, the sum of $3,104,008.67, includes the following items:

Certificates of indebtedness issued to pay interest on the bonds...$264,398 55
Interest on bonds to December 31, 1911............................  47,500 00
Interest on certificates (issued to pay interest on the bonds)......  15,580 59

          Total·.................................................$327,479 14  ·

It seems to me that these items should not be reckoned in the cost of construction and maintenance of the sewer, or be charged against the amounts authorized by the statute to be expended for construction and maintenance. These certificates of indebtedness were issued to pay interest on bonds that had been issued and sold by the commission under the act to raise money for construction purposes, and should be distinguished from the certificates of indebtedness that might be issued to pay for construction work, which are authorized by that statute, and which are to be paid out of the proceeds of the sale of bonds. There is nothing in the record to show that any such certificates have been issued or are now outstanding. The overdue

interest on bonds and certificates that were issued to pay interest on bonds should not be charged against the authorized limitation of expenditure for construction.

The authority granted by the statute refers to the aggregate par value of the bonds to be issued. The limit has no reference to amounts of interest which should thereafter grow due on such bonds. In this case the statute provides how the money to pay the interest on such bonds shall be raised. Both the principal and interest of all bonds shall be paid, under the statute, by assessments and levies to be made by the board of supervisors, and such payments are not to be regarded as a part of the construction and maintenance account; and there is no reason to suppose that the Legislature intended that interest on the bonds that was not paid when due, or certificates given to pay arrearages of such interest, should be charged against the money raised for construction purposes by the sale of bonds authorized by the statute. The following cases seem to hold this way (I can find no authority in this state): Carlson v. City of Helena, 39 Mont. 82, 102 Pac. 39; Herman v. City of Oconto, 110 Wis. 660, 86 N. W. 681; Finlayson v. Vaughn, 54 Minn. 331, 56 N. W. 49.

[2] This seems to be the reasonable view to take of the question, and, if my conclusion is correct, then the sum of $327,479.14, less the sum of $173,494.67, is available for construction work, and just as much available for the completion of the sewer outlet as for land damages or any other expenditure under the statute. In other words, the statute gives no preference in the matter of payments from the moneys raised for construction purposes. The building of the outlet is as much a part of the construction work as any other work or item, and any moneys within the statutory limitation, not actually appropriated by the commissioners for some other lawful purpose, are available for the payments under the proposed contract.

The relator is therefore entitled to a peremptory writ of mandamus, directing the defendants to execute the contract in question.