BROWN *v.* GUTHRIE, AUDITOR, ET AL.

[No. 22,723. Filed December 12, 1916.]

1. COUNTIES.—*Highway Bonds.*—*Limit of Indebtedness.*—*Constitutional Provisions.*—Bonds issued to pay for gravel roads built under the gravel road laws do not constitute an indebtedness of either the township or county within the meaning of §1, Art. 13, of the Constitution, limiting the indebtedness of political or municipal corporations to two per cent. of the total taxable property in such corporation. p. 671.

2. APPEAL.—*Harmless Error.*—*Ruling on Demurrer.*—Sustaining a demurrer to a paragraph of complaint is not erroneous where trial is had on another paragraph which is the same in theory and substance. p. 672.

3. APPEAL.—*Review.*—*Sufficiency of Evidence.*—*Waiver.*—Any question as to the sufficiency of the evidence to sustain the findings of the trial court is waived on appeal by failure to bring with the record the evidence given in the cause. p. 672.

4. TRIAL.—*Exceptions to Conclusions of Law.*—*Admissions.*—Exceptions to conclusions of law admit the correctness of the finding of facts. p. 673.

5. COUNTIES.—*Highway Bonds.*—*Computing Limitation of Indebtedness.*—*Interest on Road Bonds.*—Interest on gravel road bonds is not taken into consideration in computing indebtedness to ascertain whether such indebtedness exceeds the limitation fixed in either the Constitution or the gravel road law. p. 673.

6. COUNTIES.—*Highway Bonds.*—*Computing Limitation of Indebtedness.*—*Contracts for Roads.*—Contracts entered into for the building of roads, for which no bonds had been issued, should not be taken into consideration in determining whether there had been a violation of §7332 Burns 1914, Acts 1905 p. 560, limiting the issue of highway bonds to four per cent. of the value of the taxable property of a township, since such contracts were not, and could not, be a liability of the taxing district until bonds should be issued to pay the contract price for the construction of the roads. p. 674.

7. COUNTIES.—*Bonds.*—*Injunction.*—*Computing Assessed Valuation of Property.*—*Evidence.*—In an action to enjoin the county auditor from entering on the tax duplicate a tax levy made by the board of commissioners for the purpose of paying certain gravel road bonds, and to enjoin the county treasurer from collecting such taxes, it was not error for the trial court to consider and base his findings in part, in ascertaining the total assessed valuation of the property of the township at the time the bonds were issued, on the certificate of the state auditor as to corporation taxes, even though such certificate, while on file at the time of the trial, was not filed until after the issuance of the bonds. p. 674.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by John T. Brown against Harold Guthrie, auditor of Huntington county, and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*J. W. Moffett* and *H. B. Spencer,* for appellant.

*George M. Eberhardt, Sumner Kenner, Fred H. Bowers* and *Milo Feightner,* for appellees.

ERWIN, J.—Appellant brought an action in the circuit court to enjoin appellee Guthrie, as auditor

of Huntington county, from entering on. the tax duplicate a certain tax levy made by the board of commissioners for the purpose of paying, as they matured, certain bonds issued for the purpose of building certain gravel roads in Clear Creek township in said county; and to enjoin appellee Gill, as treasurer of said county, from collecting such taxes. The complaint was in three paragraphs. The first paragraph proceeded upon the theory that the proposed tax levy was illegal for the reason that the bonds issued exceeded two per cent. of the total taxable property of said township, and was unconstitutional and void as being in conflict with §1, Art. 13, of the Constitution of this State. To this paragraph a demurrer was sustained. The second and third paragraphs proceeded upon the theory that the bonds for which the levy was made to meet were void as being in excess of four per cent. of the taxable valuation of said township and their issue prohibited under §7732 Burns 1914, Acts 1905 p. 560. The court sustained appellees' demurrers to the second paragraph of complaint. Trial was had on the third paragraph of the complaint, and the court made special a finding of facts and stated conclusions of law thereon in favor of appellees, denying an injunction and rendering judgment against appellant for costs.

This appeal presents for our consideration the ruling of the court on the demurrer to the first and second paragraphs of complaint, and the conclusions of law on the facts found.

This court has decided that the issue of bonds to pay for gravel roads built under the gravel road laws of this State is not governed by §1, Art. 13, of our Constitution, as they do not constitute an indebtedness of either the township or

of the county. *Smith* v. *Board* (1909), 173 Ind. 364, and cases cited on page 377, 90 N. E. 881. The court committed no error in its ruling on the demurrer to the first paragraph of complaint. The second paragraph of complaint being in theory and substance the same as the third, no error was committed in sustaining a demurrer to it. *Adams* v. *Pittsburgh, etc., R. Co.* (1905), 165 Ind. 648, 654, 74 N. E. 991.

Appellant filed a written motion for a new trial, for numerous reasons stated, some of which are statutory grounds for a new trial and some of which are not. The only reasons properly alleged challenge the sufficiency of the evidence to sustain the findings of the court. Appellant has waived this by failing to bring with the record the evidence given in the cause.

The only question remaining for consideration is the correctness of the court in its conclusions of law on the facts found. The findings disclose that, in the year 1911, the board of commissioners had pending before it seven petitions for gravel roads in Clear Creek township to be built under the "three mile gravel road law"; and that all of said petitions were found to be sufficient and the roads were ordered built. Contracts were made by the board for the building of the same, and bonds were issued for the payment of the *first five* so ordered constructed. The further findings of the court are that the bonds issued to build the proposed road, together with bonds already outstanding, are in a sum less than "four per cent. of the total assessed taxable valuation of the property of the township." On these findings the court stated its conclusions of law that the law was with the defendants (appellees) and rendered judgment accordingly.

· The exceptions to the conclusions of law admit the correctness of the finding of facts. *Ray* v. *Baker* (1905), 165 Ind. 74, 83, 74 N. E. 619;

4. *Hatfield* v. *Rooker* (1913), 56 Ind. App. 1, 6, 104 N. E. 798; *Tuell* v. *Homann* (1915), 60 Ind. App. 285, 291, 108 N. E. 596.

It is insisted by appellant that the court erred in its conclusions of law in holding that the interest coupons attached to the bonds in question

5. should not be considered in determining the total indebtedness of the taxing district. It is generally held that interest is not to be taken into consideration in computing indebtedness as used either in the Constitution or the gravel road law. Note (c), *Hagan* v. *Commissioners' Court*, 37 L. R. A. (N. S.) p. 1106 and cases cited; 5 McQuillin, Mun. Corp. §2215; *Blanchard* v. *Village of Benton* (1903), 109 Ill. App. 569; *State, ex rel.* v. *Parkinson* (1869), 5 Nev. 15; *Epping* v. *City of Columbus* (1903), 117 Ga. 263, 43 S. E. 803; 1 Dillon, Mun. Corp. §205; *Finlayson* v. *Vaughn* (1893), 54 Minn. 331, 56 N. W. 49; *Stone* v. *City of Chicago* (1904), 207 Ill. 492, 69 N. E. 970; *Durant* v. *Iowa County* (1864), 1 Woolw. 69, 8 Fed. Cas. p. 117; 13 Cyc 395, 28 Cyc 1545. The court did not err in excluding the interest coupons in determining the indebtedness created by the bonds.

It is insisted by appellant that the entering into the contracts for the building of the other two roads, created an indebtedness beyond the limitation fixed by §7732 Burns 1914, *supra*, and that the court erred in its conclusions of law in holding that such contracts did not constitute an indebtedness which should be taken into consideration in fixing the amount of liability. The question here is as to

the legality of the bonds issued and the right to levy a tax to pay the same.

We are of the opinion that the court was correct in holding that the contract entered into by the board of commissioners for the building of the other two roads, for which no bonds were issued, did not constitute an indebtedness of the township which should be considered in determining whether §7732 Burns 1914, *supra,* had been violated. This contract was not, and could not, be a liability of the taxing district, which in this case is Clear Creek township, until bonds were issued to pay the contract price for which these roads were to be constructed. The inhibition of the statute is against the issuing of bonds exceeding the four per cent. limitation, and the contracts so entered into could not be enforced against the county or township, except in the manner provided by statute, viz.: by the issue of bonds and the levy of a tax to pay for the same.

It is further contended that the law providing for the building of gravel roads of three miles or less is unconstitutional and void for the reason that it violates §1, Art. 13, of the Constitution. What we have already said on the ruling on the demurrer to the first paragraph of complaint disposes of this question.

It is insisted that the court erred in its conclusions of law in that it based its findings upon the assessment rolls of the county which were on file in the auditor's office of the county, but that at the time the issue of bonds was made the certificate of the state auditor as to corporation taxes was not on file in the auditor's office and was not so filed until August 19, of that year. The certificate of the state auditor is only evidence of assess-

ments made. This certificate was on file when this case was submitted and the court had a right to consider it at the time of the trial to ascertain the total assessed valuation of the property of the township at the time the bonds were issued.

There being no reversible error presented, the judgment is affirmed.

NOTE.—Reported in 114 N. E. 443. Interest on municipal bonds, as a factor in determining the limitation of indebtedness, 17 Ann. Cas. 1243.