PRINCETON MINING COMPANY ET AL. v. VEACH

[No. 17,391. Filed November 5, 1945. Rehearing Denied December 11, 1945. Transfer Denied January 9, 1946.]

*Embree & Hall,* of Princeton, for appellants.

*McDonald & McDonald,* of Princeton, for appellee.

CRUMPACKER, P. J.—The appellee sued the appellants in the Gibson Circuit Court to recover unpaid overtime compensation, liquidated damages, and attorneys' fees allegedly due him under the provisions of an act of Congress known as the Fair Labor Standards Act of 1938, 29 U. S. C. A., § 201 *et seq.* On change of venue the cause was tried to the Vanderburgh Circuit Court without the intervention of a jury. The court found the facts specially, stated conclusions of law thereon favorable to the appellee and, over the appellants' joint and several motion for a new trial, entered judgment accordingly. The record properly presents the following alleged errors: (1) The court erred in overruling the appellants' demurrer to the complaint; (2) the court erred in the statement of its first conclusion of law; (3) the court erred in the statement of its second conclusion of law; (4) the decision of the court is not sustained by sufficient evidence; (5) the decision of the court is contrary to law; and (6) the court erred in the assessment of the amount of recovery in that the same is too large. We find no treatment whatever of assignments 1 and 6 in the appellants' brief and we therefore consider them waived. Rule 2-17 (f), 1943 Revision.

The appellee's case proceeds upon the theory that the appellant Princeton Mining Company, an Indiana corporation, completely dominates and controls the appellant Highway Machine Company, also incorporated under the laws of this state, through common ownership of stock and interlocking directorates, and, although separate and distinct in legal form, in substance and in fact the appellants are one and the same entity; and that his employment by the Highway Machine Company was in effect employment by Princeton Mining Company whose business was the mining and shipping of

soft coal in interstate commerce. That he was jointly employed by both the appellants, that each was engaged in interstate commerce and that his job in connection with each was necessary to the production of goods for such commerce. These facts, he asserts, bring him within the provisions of the Fair Labor Standards Act, *supra*, and, having worked overtime for which he has not been paid, he is entitled to a joint and several judgment against the appellants in the amount due him plus a sum equal thereto as liquidated damages and attorneys' fees. The appellants, while conceding the validity of the above theory of liability, contend (1) that the ultimate facts found by the court do not bring the appellee within the provisions of the statute upon which he sues, and (2) even though it should be determined that the facts found entitle the appellee to the relief sought, there is insufficient evidence in the record to sustain such findings.

By excepting to the court's conclusions of law upon the facts found the appellants admit, for the purpose of the exceptions, that such facts are fully and correctly found. *Brown* v. *Guthrie, Auditor* (1916), 185 Ind. 669, 114 N. E. 443; *Ray Stringer Co., Ltd.* v. *Dillon* (1938), 105 Ind. App. 194, 12 N. E. (2d) 365. This does not mean, however, that the court must consider evidentiary matter contained in such findings of fact in determining whether the court's conclusions of law are erroneous. Special findings of fact should state ultimate facts only and evidentiary matter set forth therein must be disregarded. *State, ex rel.* v. *Meiser, Trustee* (1921), 201 Ind. 337, 168 N. E. 185; *Universal Insurance Co.* v. *Glover* (1935), 100 Ind. App. 327, 195 N. E. 583. These principles of law must govern our determination of the question as to whether the ultimate facts found by the court in this case warrant its

conclusions (1) that the law is with the appellee, and (2) that he is entitled to recover as in said conclusion set forth. Under § 6 of the Fair Labor Standards Act, 29 U. S. C. A., § 206, an employer must pay prescribed minimum wages "to each of his employees who is engaged in commerce or in the production of goods for commerce." This being legislation under the commerce clause of the constitution of the United States the word "commerce" refers, of course, to interstate commerce. Under § 7 of the act, 29 U. S. C. A., § 207, overtime compensation must be paid to "any of his employees who is engaged in commerce or in the production of goods for commerce" for a workweek longer than 44, 42 or 40 hours, depending on the date of employment with reference to the effective date of the act. Sec. 3 (j), 29 U. S. C. A., § 203 (j), reads as follows: " 'Produced' means produced, manufactured, mined, handled or in any other manner worked on in any State; and for the purposes of this chapter an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting or in any other manner working on such goods, or *in any process or occupation necessary to the production thereof*, in any State." (Our emphasis.)

An examination of the special findings of fact discloses much evidentiary matter but we think the following ultimate facts are definitely and clearly found: During all of the time involved in this controversy both of the appellants were engaged in the business of repairing and reconditioning machinery, tools and appliances used by the appellant Princeton Mining Company in the production and sale of coal in interstate commerce. That both appellants during all of said time employed the appellee to assist in the performance of such task

and that the work he so performed was necessary to the production of the coal mined, sold and marketed in interstate commerce by the appellant Princeton Mining Company. That in the performance of such labor he worked overtime and thereby earned $331.23 for which he was not compensated by either of the appellants in accordance with the standards prescribed by the Fair Labor Standards Act. In view of the principle of law that requires us to accept these facts as correctly found for the purpose of determining the legality of the conclusions of law stated thereon, it seems clear that the court found every fact essential to recovery and we find no error in its so concluding.

A much more serious and difficult question is presented by the appellants' insistence that there is insufficient evidence to support the ultimate facts found by the court. As to the appellant Highway Machine Company, it is admitted that the appellee was its employee during all of the time involved in this controversy and that if his employment by said appellant is of the character and within the circumstances covered by the provisions of the Fair Labor Standards Act he is entitled to recover. There is ample evidence tending to prove that said appellant is an Indiana corporation organized for the purpose of operating a machine shop wherein customers generally might have tools, implements and machinery repaired, rebuilt and reconditioned. That the appellant Princeton Mining Company owns and operates a large coal mine from which great quantities of soft coal are taken and marketed in interstate commerce. That in such process it employs many tools, machines and appliances which, through use, become unfit and require repair and reconditioning. That such equipment is taken to

the plant of the appellant Highway Machine Company where the work of reconditioning is performed. That during all of the time the appellee was employed by the Highway Machine Company his principal work was on such equipment belonging to Princeton Mining Company and in connection with its reconditioning and repair. That about 90% of Highway Machine Company's business comes from Princeton Mining Company and the tasks it performs for said company are necessary to the production of the coal in interstate commerce. On the above facts it must be conceded that neither the appellant Highway Machine Company nor the appellee is directly "engaged in interstate commerce or in the production of goods for commerce" and if the appellee is entitled to the benefits of the Fair Labor Standards Act it must be through the operation of § 3 (j), 29 U. S. C. A., § 203 (j), *supra*, and on the theory that he was engaged in an occupation "necessary to the production of goods for commerce" by his employer's principal customer. We think this question was definitely decided by the Supreme Court for the United States in *Kirschbaum* v. *Walling* (1941), 316 U. S. 517, 86 L. ed. 1638. There the question was whether the maintenance and service employees of the owner of a loft building which was principally tenanted by manufacturers engaged in interstate commerce and whose only business in that connection was the rental, operation and maintenance of such building, were covered by the act. The court held they were and reasoned that without light, heat, elevators, hot water and steam, all of which services were rendered by employees of the landlord, the tenants could not have engaged, as they did, in the production of goods for interstate commerce. The gist of the decision is expressed in these words: "In our judgment, the work

of the employees . . . had such a close and immediate tie with the process of production for commerce, and was therefore so much an essential part of it, that the employees are thereby regarded as engaged in an occupation 'necessary to the production of goods for commerce.' " In the case before us the Princeton Mining Company could not have produced goods for interstate commerce, as it did, without suitable tools and machinery. The appellee was engaged in the occupation of rendering and keeping such equipment suitable for the purpose and it must be held that the evidence supports the court's finding of the ultimate fact that said appellee was engaged in an occupation necessary to the production of coal sold and distributed in interstate commerce. His employer Highway Machine Company is therefore liable for the overtime compensation provided by the Fair Labor Standards Act together with double the amount in liquidated damages and attorneys' fees and the judgment against said appellant must be affirmed.

If the appellee's judgment against the appellant Princeton Mining Company is to stand it must be upon the theory (1) that he was, during the time involved, an employee of that corporation as well as of the Highway Machine Company, or (2) that the two companies are in truth and substance one and the same entity; that their separate corporate existence is a mere subterfuge to cover such unity of interest and that employment by Highway Machine Company was in fact and law employment by Princeton Mining Company. As to the first of these propositions the court found definitely that the appellee was an employee of the Princeton Mining Company, which admittedly is engaged in interstate commerce, when he performed the work for which he seeks overtime compensation and that such work was

necessary to the production of goods in such commerce. The appellant Princeton Mining Company insists there is insufficient evidence to support such finding. The evidence most favorable to the court's decision on this point indicates that prior to the time the appellee went to work at the Highway Machine Company's plant he was employed by the appellant Princeton Mining Company as a "trip-rider." When the Highway Machine Company was organized and began operations the appellee concluded he would rather be a machinist than a trip-rider and he approached Dave Jones, general superintendent of Princeton Mining Company, with reference to a job at the machine shop. Jones said he would see what he could do about it and the next day the appellee's brother-in-law told him that Jones wanted him to come to work at the Highway Machine Company's plant that night. He did so and his initial work was on a locomotive from the Princeton mine. He worked steadily at the Highway Machine Company's plant until the 14th day of November, 1942, during all of which time he did all classes of repair work such as welding, overhauling and rebuilding various kinds of mining machinery belonging to Princeton Mining Company. A man named Galambos was foreman of the machine shop but Jones came through every day and gave him and other employees instructions concerning the work to be done on Princeton Mining Company machinery. Sometimes the appellee, together with others, was sent, under orders from Jones, down into the Princeton mine to see what was to be done by way of repairs to loading machines and locomotives and to receive instructions with reference thereto. For a time after the machine shop first began operations he received his pay checks from one Elmer Johnson, chief clerk for Princeton Mining Company, but about two months later got them at the High-

way Machine Company's plant. All pay checks of which the appellee has any definite recollection were signed by the Highway Machine Company. On this evidence the court concluded the ultimate fact to be that the appellee was the employee of the appellant Princeton Mining Company as well as that of the appellant Highway Machine Company and therefore entitled to recover against both.

If we assume, as both appellants contend, that Princeton Mining Company and Highway Machine Company are separate and distinct corporations and wholly independent of each other in management and control, the fact that the appellee is admittedly in the general employment of the appellant Highway Machine Company does not necessarily preclude his becoming, at the same time, the servant of the appellant Princeton Mining Company. *Lieber, Exrx.* v. *Messick* (1931), 92 Ind. App. 264, 173 N. E. 238. However, to recover overtime compensation from both appellants jointly for the same work it must appear that both appellants undertook the task involved and had joint control and direction over its performance. We have examined the narrative recital of the evidence as set forth in the appellants' brief and nowhere do we find any evidence whatever to support such a factual conclusion. We are convinced therefore that if the judgment against the appellant Princeton Mining Company is to be sustained it must be on the theory that the appellants are in truth and substance one and the same and that the Highway Machine Company, though a separate corporate entity, is merely the arm of the appellant Princeton Mining Company. In this respect the court found that " . . . during all the time in said second amended complaint mentioned, said defendant Princeton Mining Company, by means of the ownership of the capital

stock of its said co-defendant Highway Machine Company by two of its directors and its attorney, as aforesaid, completely controlled said Highway Machine Company." In view of the importance of this question we have not confined our inquiry to the briefs of counsel but have carefully examined the entire record. To discuss in detail the failure of the evidence in this particular would unduly extend this decision to no practical purpose and we therefore consider it sufficient to say that in our opinion there is no substantial evidence to support the finding. We conclude therefore that the judgment against the appellant Princeton Mining Company cannot be sustained.

Judgment affirmed as to appellant Highway Machine Company and reversed as to Princeton Mining Company, with instructions to grant said appellant's motion for a new trial.

NOTE.—Reported in 63 N. E. (2d) 306.