MCNEELY *v.* ENGLISH ET AL.

[No. 18,040. Filed December 5, 1951. Rehearing denied February 8, 1952. Transfer denied June 4, 1952.]

*Edward F. New, Leroy K. New* and *Edward F. New, Jr.,* all of Indianapolis; *Ralph Adams,* of Shelbyville, for appellant.

*Armstrong & Gause; Erle A. Kightlinger,* and *Paul B. Hudson,* all of Indianapolis, for appellees.

BOWEN, J.—This is an appeal from a judgment in an action brought by the appellees against the appellant under the Fair Labor Standards Act to recover alleged unpaid overtime wages and liquidated damages together with attorneys' fees allegedly due appellees under the provisions of an act of Congress known as the Fair Labor Standards Act of 1938, 29 U. S. C. A., §201 et seq.

The legal issues in this appeal are the same as to all of the appellees. However, there was some variations in the periods of employment of the various appellees.

The issues were joined on appellees' complaint consisting of eight rhetorical paragraphs, and the appellant's answer in two paragraphs, the first of which was in the nature of a denial, and the second pleaded affirmatively the Statute of Limitations.

The appellant filed a motion for special findings of fact and conclusions of law, separately as to each plaintiff's cause of action, and the appellees filed a reply in denial to appellant's second paragraph of answer.

The cause was submitted to the court without a jury, and the court made and found its separate findings of fact and conclusions of law, and entered judgment for the appellees against the appellant in the amount of $2,218.14.

The appellant filed a motion for a new trial which was overruled by the trial court, and this appeal followed.

Appellant's first assignment of error is that the court erred in overruling appellant's motion for a new trial. The grounds of such motion, together with other specifications were that the decision of the court is not sustained by sufficient evidence and is contrary to law.

In support of the foregoing assignment of error, the appellant contends that the appellees' employment activities alleged and proved do not come within the coverage of the Fair Labor Standards Act, and that such employees were not "engaged in commerce" within the meaning of the Fair Labor Standards Act.

From the record, it appears that the appellant was engaged in the business of manufacturing, repairing, and rebuilding trailers and had been engaged in such business since 1924; that the appellees were employed by the appellant, and during the period of time that they worked for the appellant, they spent from one-third of their time each week to one-half of their time each week doing repair work on trailers bearing interstate commerce plates and belonging to interstate freight carriers, which carriers were identified as various trucking companies engaged in the business of hauling interstate freight. The rest of the work of such employees consisted of local repair and rebuilding of trailers for local concerns engaged in intrastate trucking.

Under Section 6 of the Fair Labor Standards Act, 29 U. S. C. A., §206, an employer must pay prescribed minimum wages "to each of his employees who is engaged in commerce or in the production of goods for commerce." Since this legislation is enacted under the interstate commerce clause of the Constitution of the United States, the word "commerce" used in the Act refers to interstate commerce. Under Section 7 of the Act, 29 U. S. C. A., §207, overtime compensation must be paid "to any of his employees who are engaged in commerce or in the production of goods for commerce" for a work week longer than certain prescribed hours.

The appellant challenges Finding of Fact No. 3, and the conclusions of law based therein, which finding reads as follows:

"(3)    That each and all plaintiffs were called upon to perform work for the defendant in interstate commerce within the meaning of the Fair Labor Standards Act."

The Fair Labor Standards Act makes a distinction between employees engaged in commerce, and in the production of goods for commerce. By Section 3 (j) of the Act, 29 U. S. C. A., §203 (j) reference is made to those engaged in the production of goods for commerce, and in such definition includes "any process or occupation necessary to the production thereof, in any state." However, such section is not applicable to the case at bar, since the employees do not come within such clause "engaged in the production of goods for commerce." *Princeton Mining Co.* v. *Veach* (1945), 116 Ind. App. 332, 63 N. E. 2d 306. The issue in the instant case relates to the question as to whether the employees involved were engaged in commerce within the meaning of the Act.

The test to be applied in determining whether employees' activities come within the coverage of the Fair Labor Standards Act under circumstances as shown in the case at bar is not whether the employees' activities affect or indirectly relate to interstate commerce, but whether they are actually in or so closely related to the movement of interstate commerce as to be a part of it. *McLeod* v. *Threlkeld* (1943), 319 U. S. 491, 497, 87 L. Ed. 1538, 1543, 63 S. Ct. 1248, 1251.

The Supreme Court of the United States has held that when employees are engaged in the field of transportation, the Act apparently will not cover those who

work in an interstate carrier's repair shop or facilities to supply power for machinery used in repairing instrumentalities of transportation, or employees who heat cars and depots used by interstate passengers, or who store fuel for the use of interstate vehicles, or who work on such vehicles when withdrawn from commerce for repairs. *Shanks* v. *Del., Lack. & W. R. Co.* (1916), 239 U. S. 556, 60 L. Ed. 436, 36 S. Ct. 188, L. R. A. 1916c. 797; *Chicago & N. W. Ry. Co.* v. *Bolle* (1931), 284 U. S. 74, 76 L. Ed. 173, 52 S. Ct. 59; *Chicago & E. I. R. Co.* v. *Commission* (1932), 284 U. S. 296, 76 L. Ed. 304, 52 S. Ct. 151, 77 A. L. R. 1367; *N. Y., N. H. & H. R. Co.* v *Bezue* (1932), 284 U. S. 415, 76 L. Ed. 370, 52 S. Ct. 205.

The Circuit Court of Appeals of the second circuit cites the rule enunciated in *McLeod* v. *Threlkeld, supra:* "The test to determine whether an employee is engaged in commerce is stated in *McLeod* v. *Threlkeld* (1943), 319 U. S. 491, . . . to be 'not whether the employees activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it.' " Such court further asserts, "it is the physical immediacy of connection with actual transportation movement that determines whether an employee's activities cause him to be 'engaged in commerce,' as we understand it." *Laudadio* v. *White Const. Co.* (1947), 163 F. 2d 383, 385.

In a decision of the United States Supreme Court, involving the broader provisions of the Act dealing with the production of goods for commerce, *10 East 40th Street Building* v. *Callus* (1945), 325 U. S. 578, 89 L. Ed. 1806, 65 S. Ct. 1227, Justice Frankfurter notes, "for as was pointed out in *Walling* v. *Jacksonville Paper Co., supra,* at 570, (317 U. S. 564), we cannot 'be un-

mindful that Congress in enacting this statute plainly indicates its purpose to leave local business to the protection of the states.' "

·Considering the facts of the instant case most favorable to appellees, it would seem necessary to add to such facts speculation and conjecture in order to establish circumstances which would give rise to a reasonable inference that any of the particular vehicles upon which the appellees worked were actually in or so closely related to the movement of interstate commerce as to be·a part of it. The record does not show circumstances from which a reasonable inference could be made that. any particular vehicle was engaged in any interstate run at the time of such repair, nor that any vehicle would be engaged in an interstate haul in the future·except as a result of speculation and conjecture. If the employees' activities in the instant case were so held to constitute activities in interstate commerce, it would, be hard to conceive any type of local establishment as being beyond the scope of interstate commerce. For example, the employees of a local business engaged in tire repair, battery rental, brake service, or any similar type of business, in the event that one-third to one-half of such business was upon vehicles belonging to companies which had used such vehicles in interstate commerce, under the decision of the court below, would have to be held to come within the Fair Labor Standards Act. We do not believe that Congress and the decisions of the United States Supreme Court interpreting the same have established such a broad extension of the provisions of the Act over local businesses. Such a judicial construction would expand the phrase used in the Act "engaged in commerce" to include activities which might indirectly affect commerce. If such a construc-

tion of the phrase "engaged in commerce" were to be adopted, it would seem quite futile for courts to spend any further time in the future in an attempt to draw any line of distinction between interstate commerce and local business, since in that event, by judicial legislation, such lines of distinction would in effect, be completely obliterated.

For the reasons given herein, the decision of the court was not sustained by sufficient evidence, and was contrary to law, and the court erred in overruling appellant's motion for a new trial.

Judgment reversed with instructions for further proceedings not inconsistent herewith.

## DISSENTING OPINION

MARTIN, J.—I cannot agree with the majority opinion.

The facts found by the trial court, under its special finding of facts, were that the work of the appellees during the period of time they worked for the defendant was composed of repair work for large interstate freight carriers and that during the time the appellees worked for the defendant they each spent from one-third of their time each week to one-half of their time each week doing repair work on trailers bearing Interstate Commerce plates and belonging to interstate freight carriers.

The evidence clearly supports the facts found by the trial court in that they performed services in repairing trailers for the interstate carriers named and that these carriers were their main customers. I am of the opinion that these appellees (employees) were engaged in interstate commerce within the meaning of Section 7 of the

Fair Labor Standards Act of 1938, 29 U. S. C. A., §201 et seq. They were well within the requirement that they be "actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod* v. *Threlkeld* (1943), 319 U. S. 491, 497, 87 L. Ed. 1538, 1543, 63 S. Ct. 1248, 1251. *Boutell* v. *Walling* (1946), 327 U. S. 463, 90 L. Ed. 786, 66 S. Ct. 631.

It is immaterial whether the employee is hired by the one engaged in the interstate business since it is the activities of the employee and not of the employer which are decisive. It is the work of the employee which is decisive. *McLeod* v. *Threlkeld, supra; Walling* v. *Jacksonville Paper Co.* (1943), 317 U. S. 564, ante, 87 L. Ed. 460, 63 S. Ct. 332; *Kirschbaum Co.* v. *Walling* (1942), 316 U. S. 517, 524, 86 L. Ed. 1638, 1649, 62 S. Ct. 1116.

The test that activities so closely related to interstate transportation as to be in practice and legal relation a part thereof are to be considered in that commerce, is applicable to employments "in commerce" under the Fair Labor Standards Act. *McLeod* v. *Threlkeld, supra; Shanks* v. *Del., Lack. & W. R. Co.* (1916), 239 U. S. 556, 558, 60 L. Ed. 436, 438, 36 S. Ct. 188, L. R. A. 1916C 797; *Chicago & N. W. R. Co.* v. *Bolle* (1931), 284 U. S. 74, 78, 76 L. Ed. 173, 176, 52 S. Ct. 59; *Chicago & E. I. R. Co.* v. *Industrial Commission* (1932), 284 U. S. 296, 76 L. Ed. 304, 52 S. Ct. 151, 77 A. L. R. 1367; *New York, N. H. & H. R. Co.* v. *Bezue* (1932), 284 U. S., 415, 419, 76 L. Ed. 370, 373, 52 S. Ct. 205.

I am of the opinion that the judgment of the lower court should be affirmed.

NOTE.—Reported in 102 N. E. 2d 217.