## McCLEERY ET AL. v. ZINTSMASTER ET AL.

[No. 22,404.   Filed December 21, 1916.   Rehearing denied January 9, 1918.]

1. DRAINS.—*Jurisdiction of Proceedings.*—*Statute.*—In drainage proceedings the petition in the first instance determines the jurisdiction of the subject-matter; and where the circuit court has rightfully acquired jurisdiction by the filing of a petition in good faith for a drain wholly within the county, the action of the commissioners, who were all from that county, in including in their report a small arm extending into an adjoining county, would neither be sufficient grounds for ousting the jurisdiction as to the drain prayed for in the petition nor for the dismissal of the whole proceeding.  pp. 42, 43.

2. DRAINS.—*Establishment.*—*Power of Commissioners.*—*Statute.*—In view of the fact that the Drainage Act (§6140 et seq. Burns 1914, Acts 1907 p. 508) provides for a liberal construction, where a. petition is filed for a drain wholly within one county and commissioners are appointed who are all from that county, the commissioners may—in obeying the injunction of the statute to "locate the drain and fix the beginning or outlet so as to secure the best results"—extend the beginning a short distance into another county without ousting the court of jurisdiction or making the report contrary to law; since §2 of the act, which requires the appointment of one commissioner from another county, applies only where the petition is for a drain described as extending into the other county.  pp. 43, 44.

3. DRAINS.—*Proceedings.*—*Motion to Reject.*—Where the petition and the proceedings in a drainage matter were in conformity to the statute relative to the construction of a drain wholly within one county, a motion by parties brought in by the report to dismiss the petition and the report on the grounds that the drain extended into another county and that no legal

notice had been served on them was too broad, and there was no error in overruling it.  p. 45.

4. DRAINS.—*Proceedings.* — *Commissioners' Report.* — *Motion.*— Where the petition and the proceedings in a drainage matter were in conformity to the statute relative to the construction of a drain wholly within one county, and the commissioners' report provided for a drain extending a short distance into an adjoining county, the court could not strike from the report that part relating to the extension of the drain into the adjoining county, since the drain and the extension were reported, and the assessments apportioned, as one system: the proper procedure, had the commissioners exceeded their authority in so extending the drain, was to remonstrate on the grounds that their report was not according to law.  p. 46.

5. DRAINS.—*Proceedings.*—*Sufficiency of Notice.*—Where the notice in a drainage proceeding was sufficient to bring parties into court, there was no error in overruling their motion, made long after they had appeared and remonstrated, to strike out the proof and return of service of notice.  p. 46.

6. DRAINS.—*Remonstrances.*—*Time for Filing.*—Remonstrances filed more than ten days after the service of notice on the remonstrants were properly rejected.  p. 46.

7. APPEAL.—*Preserving Grounds of Review.*—*Motion for New Trial.*—Where the court expressly found that the costs, damages and expenses of a proposed drain would not exceed the benefits and stated a conclusion of law that the drain should be established, the exceptions of appellants to the conclusion of law admitted the facts to be well found; in order to present for review the question of the sufficiency of the evidence to sustain the findings, the appellants should have presented it through the medium of a motion for a new trial.  p. 46.

8. TRIAL.—*Findings of Court.*—*Defects.*—*Remedy.*—Where any or all of the facts are not sustained by the evidence, or are contrary to law, or where facts should have been found but were not, the proper remedy is by motion for new trial; motions to modify and correct the special findings, in such cases, are not recognized by the practice.  p. 47.

9. TRIAL.—*Evidence.*—*Reception.*—An assignment that the court erred in excluding certain testimony presents no question for review where the record shows that objection was sustained to the question after it had been answered but the answer was not stricken out.  p. 47.

10. DRAINS.—*Proceedings.*—*Evidence.*—*Benefits.*—Where an objector to a drainage proceeding has no remonstrance, the exclu-

sion of his testimony as to benefits to his land by the establishment of the proposed drain presents no question for review. p. 47.

11. DRAINS.—*Proceedings.—Evidence.—Report of Commissioners.*—The report of the commissioners was competent evidence in a proceeding to establish a drain. p. 48.

12. DRAINS.—*Proceedings. — Evidence.—Admissibility.* — It was not error to admit in evidence agreements made between the petitioners and two groups of landowners who were brought in by the report and were contesting their individual assessments, which agreements reduced the assessments to fixed sums agreed upon as representing the full benefits to the land. p. 48.

13. DRAINS.— *Proceedings.— Assessments.—* The objectors to a drainage proceeding were not entitled to credit for assessments on their lands for other drains constructed in prior proceedings; the question before the court concerned the benefits to their land in the pending proceeding, §3, Acts 1881 p. 410, §5657 Burns 1901, having no application even if it were included in the present law. p. 48.

From Huntington Circuit Court; *Robert Van Atta,* Special Judge.

Proceeding by D. W. Zintsmaster and others to establish a public drain, opposed by John P. McCleery and others. From a judgment establishing the drain and overruling their motion for new trial, objectors appeal. *Affirmed.*

*S. M. Sayler, T. E. Ellison, J. M. Haley* and *Ballou, Hoffman & Romberg,* for appellants.

*D. F. Brooks, C. W. Watkins* and *Charles A. Butler,* for appellees.

Cox, J.—This was a proceeding instituted by appellees in the Huntington Circuit Court under the provisions of the Drainage Act of 1907 (Acts 1907 p. 508, §6140 *et seq.* Burns 1914) to establish an extensive public drain. From a judgment establishing the drain, this appeal in which numerous errors are assigned is brought.

The petition of appellees was in the usual form of a

petition for a drain wholly in one county and it averred in substance that the petitioners were the owners of about 1,100 acres of land in Huntington county which was described; that this land was in need of drainage which could not be accomplished without affecting the lands of others; that these latter lands comprised more than 1,500 acres which were described and their own-· ership stated. It was averred that the best and cheapest method for the proper drainage of the lands in question would be by an open drain beginning in the Little Wabash river, commonly known as Little river, on the line dividing Huntington and Allen counties, and running in a southwesterly direction from the point of beginning following generally the course of the river to a named point therein where it should terminate. It was averred that the contemplated drain would benefit the public health, that it would benefit certain public highways in Allen and Huntington counties, that when completed the proposed drain would be of public utility, and that the damages occasioned thereby and the costs thereof would be less than the benefits which would result therefrom to the owners of lands affected thereby.

Upon proof of notice of the filing of the petition given to the owners of these lands named therein as affected, the petition was, on March 25, 1910, docketed as a cause. On April 20 following, there having been no remonstrance, objection, nor demurrer to the petition, the matter was referred to Benjamin Heaston, drainage commissioner of the county, James B. Vernon, a surveyor, resident in the county, and William F. Fulton, a disinterested resident freeholder of the county; and September 5, 1910, was fixed as the date on which they were to report. The time for filing a report was extended from time to time until February 26, 1912, on which date it was filed. The report was favorable to the construction of a principal drain all in Huntington

county substantially the same as the one described in the petition, but with an arm or subsidiary shorter and smaller drain, about one-fourth of which in length extended into Allen county. The report showed that the costs and expenses of effecting the drainage contemplated, together with the damages occasioned thereby, would be $313,547. The total benefits were reported to amount to the gross sum of $321,655, which the commissioners in their report apportioned by assessments on about 300,000 acres of land lying in Huntington, Allen, Whitley, and Wells counties. To give time to serve the owners of lands reported as benefited and assessed by the report of the commissioners, the hearing was ultimately set for March 30, 1912. Prior to this date, numerous remonstrances were filed by landowners brought in by the report but who do not appeal from the final order establishing and ordering the construction of the drain. In addition to this many motions and remonstrances were filed by appellants before the trial. All of these motions were overruled; and the remonstrances of all appellants except the McCleerys, Huffmans and McClellan Branstrattor were stricken out. The cause was tried on issues presented by the remonstrances of those last named and of other parties who do not appeal. By request the court found the facts specially and stated conclusions of law thereon. All appellants filed motions for a new trial, which were overruled. In this court a voluminous record of 1,800 pages is presented which is inextricably confused. On this record seventeen assignments of error are made by appellants severally and collectively and these assignments of error contain variously from four to eleven specifications of error each. These assignments of error are not specifically stated or followed in that part of appellant's brief which states the errors relied on for reversal. We shall follow the latter statement in so far as we can dis-

cover the questions which appellants are seeking to have determined.

At the outset of their argument it is conceded by appellants that the drain here involved is much needed and should be constructed. Its purpose is to provide a sufficient outlet for a very extensive basin. In the upper part of the basin large drains have been constructed which conduct the surface waters in great volumes into the lower end where the outlet is not sufficient to carry it on. This is greatly to the detriment of the landowners in the lower end of the basin—the petitioners—and in a lesser degree to all affected.

It is first asserted generally that the Huntington Circuit Court had no jurisdiction to establish and order the construction of the drain reported, for the reason
1. that a small part of it extended beyond the boundary of Huntington county into Allen county. There can be no question but that the petition was entirely sufficient to invoke the general jurisdiction given to circuit courts by the statute stated to order the establishment and construction of drains. But it is urged that the jurisdiction in the particular case was ousted by the report of the commissioners—all from Huntington county—of a drain extending into Allen county. We do not so view it. This court has determined the contrary. In *Lake Shore, etc., R. Co.* v. *Clough* (1914), 182 Ind. 178, 184, 104 N. E. 975, 105 N. E. 905, it was held that the jurisdiction of the subject-matter of a drainage proceeding must be determined in the first instance by the petition, and where once rightfully acquired cannot be taken away by the bare fact that the commissioners added to the drain as originally prayed for some additional arm. Such action by the commissioners would not oust the jurisdiction of the court as to the drain mentioned in the petition and would be no grounds for dismissing the whole proceedings.

Under the first error relied on, which involves numerous and vague separate. assignments, it is claimed also that appellants properly raised the question that

2. under the petition in this case the court had no power to order the establishment and construction of the drain reported and particularly that portion of it in Allen county. And the basis of this claim in part is that, before the power arises in the circuit court of one county to establish a drain extending into another, there must be a petition for the same and the court must exercise its power through commissioners, one of whom shall be from the county into which the drain extends. There·can be no doubt that when landowners whose lands require drainage know in advance that a sufficient drain must extend into another county a petition for the drain should show the fact; and there is also no doubt that on such a petition the court must appoint a commissioner from the other county. It is equally clear that when, in good faith, a peti-

1. tion is presented for a drain wholly in the county in which it is filed, all of the commissioners are to be appointed from that county. In this case a lack of good faith on the part of the petitioners is asserted without fact, or circumstance, or just grounds to sustain it. In such case what are the powers of the court and the commissioners? It has long been the law, at least as far back as the drainage law of 1881, that circuit courts might establish drains all in one county and assess lands in contiguous counties if benefited. It has also been the law that such courts had powers to extend drains into adjoining counties. Until the act of 1907, it was not required that a commissioner should be appointed from the county into which such a drain extended.

The commissioners are but instruments of the court or aids to it in trying questions presented by the peti-

tion relating to the drain. The petition is merely tentative as to the character, particular course and particular length of the drain. The petitioners are not presumed to know or to settle the best method of drainage or its course or extent. The commissioners under the law now and as it has been may reasonably change and add to the drain described in the petition so that it will serve adequately for the drainage contemplated. Then the question arises, when, on a petition for a drain lying wholly within one county, commissioners are appointed who are all from that county, Can such commissioners, in obeying the injunction of the statute to "locate the drain and fix the beginning or outlet so as to secure the best results," extend the beginning a short distance into another county without ousting the jurisdiction of the court or without making their report contrary to law? Particularly in view of the fact that the statute provides that it shall be liberally construed to promote drainage, we do not hesitate to answer this in the affirmative. To hold otherwise might cause an intolerable situation which could be illustrated in the proceeding before us. Suppose that in the lower court timely and proper objection had been made to the competency of the commissioners, or that the report was not according to law because made by commissioners all from Huntington county, and thereupon the court had set aside the report and removed one commissioner and appointed one from Allen county and they in turn had reported a drain all in Huntington county. Manifestly in such case the last report would have to be set aside to preserve consistency. So a possibility of a ridiculous judicial deadlock would be presented. A fair interpretation of the provision in §6141 Burns 1914, supra, which requires the court to appoint one commissioner from another county applies only when

the petition is for a drain which is described therein as extending into another county.

Certain other questions are sought to be raised relating to notice to others. These are not vital and do not directly affect appellants.

The second and third errors which appellants' counsel state they rely on for reversal are based on the following state of the record: It appears that on

3. March 29, 1912, appellants McCullach and Leland, who were brought in by the report and the notice given of it, appeared, as their pleadings stated, specially and moved to reject and dismiss the *petition* and report on the ground that the drain reported extended into Allen county, while all the commissioners appointed by the court and joining in the report were residents of Huntington county, and on the further grounds that no legal notice had been served on these parties. These motions were overruled and this action of the court it is asserted was error. We do not so view it. Whether objections, if any, might properly be laid against the report that brought these appellants into the proceedings, on the ground stated in the motion, none of them was reason for rejecting and dismissing the petition, which was in form and substance in conformity to the statute. The motion was, therefore, in any view of the matter too broad and it was not error to overrule it. The questions sought to be raised, however, have been determined as indicated above.

The complaint of the overruling of a motion of the McCleerys is stated to be the fourth error relied on for reversal. This motion seems to be an application to be admitted as parties. They were subsequently admitted as parties and the other questions raised under this assignment have been considered.

The fifth error asserted is that the court erred in overruling another motion made by the McCleerys to strike

out of the report everything in it relating to the establishing of that part of the arm of the drain which extended into Allen county. Manifestly the motion asked for the impossible. The drain and the arm were reported as a whole and the assessments apportioned for it as one system. The impossibility of separating the assessments is obvious. Nor did the motion follow the proper proceeding in any event. Had the report of that part of the arm in Allen county not been within the lawful authority of the commissioners, objection should have been taken to it under the first cause of remonstrance provided by the statute—namely, "that the report of the commissioners is not according to law".

Certain of the appellants urge that the court erred in overruling their motions, based on not very material alleged defects, to strike out the proof and return of service of notice on themselves and others who were brought in by the report of the commissioners. There was no error in the court's action. The notice was sufficient to bring the parties into court and appellants' motion was not made until long after they had appeared and filed remonstrances.

The seventh error asserted is based on the action of the trial court in striking out remonstrances of certain appellants. All of these remonstrances were filed more than ten days after notice had been served on those filing them. Hence under the settled rule declared by this court they came too late and were properly rejected. *Pittsburgh, etc., R. Co.* v. *Hodge* (1911), 175 Ind. 669, 94 N. E. 324, and cases cited.

It is argued that the court erred in its conclusions of law—that the proposed drain should be established—for the reason that the court's findings showed that the costs, damages and expenses of the drain would exceed the benefits. The court expressly

found and stated the contrary fact, and the exceptions to the conclusions of law admit the fact to be well found. If appellants desired to present to this court the question of whether the evidence sustained the findings on this question they should have done so through the medium of a motion for a new trial on that ground. This they have not done.

The action of the court in overruling the separate motions of appellants to modify and correct the court's special findings of facts is asserted to be an error 8. requiring reversal. In this action the court did not commit error. It has been held uniformly by this court that such motions are not recognized by our practice. When any or all of the facts are not sustained by the evidence, or are contrary to law, or where facts should have been found but were not, the proper remedy is by motion for a new trial. *Delaney* v. *Gubbins* (1913), 181 Ind. 188, 195, 104 N. E. 13, and cases cited; *Richards* v. *Wilson* (1916), 185 Ind. 335, 112 N. E. 780.

The tenth error asserted involves the overruling of motions for a new trial made by appellants. Aside from questions hereinbefore determined, the questions presented by the motions for a new trial, so far as they are properly presented, are given consideration in the order in which they are urged.

The excluding of the testimony of Bash, whose remonstrance was stricken out, was assigned as error. Bash testified as a witness and the only testimony specifically complained of as having been 9. excluded the record shows he gave. It is true that after he answered, an objection was sustained to the question, but the answer was not 10. stricken out. But in any event the purpose of the testimony was to show that Bash's land was not

benefited and he had no remonstrance raising the issue of his benefits.

The report of the commissioners was admitted in evidence as a part of the case in chief of the petitioners over objections by appellants and complaint is 11. made of this. The report was competent evidence and the court did not err in admitting it. *Seybold* v. *Rehwald* (1911), 177 Ind. 301, 310, 95 N. E. 235; *Shields* v. *Pyles* (1913), 180 Ind. 71, 81, 99 N. E. 742.

It is asserted that the court erred in admitting in evidence two exhibits marked "G" and "H". These exhibits are agreements made between the petitioners and two groups of landowners who were brought in by the report and who were contesting their individual assessments. By them it was agreed that these assessments should be reduced to sums fixed which, it was agreed, represented the full benefits accruing to these lands. It does not appear that appellants offered any evidence to refute these agreements and it is not claimed by them that the assessments so agreed upon were not the full benefit to the lands involved. If the assessments agreed upon did represent the full benefits to the lands, we cannot see why this summary method of reaching the result could have been more harmful to the appellant than the more prolonged one of hearing evidence from the persons and from the remonstrators immediately concerned.

Under the remaining causes for a new trial it is made to appear that appellants' lands, many years before, had been heavily assessed for drains in the upper 13. part of the basin for which the drain involved in this proceeding was intended to give an adequate outlet for the entire basin, and that those drains adequately drained their lands. As we understand appellants' points they contend that the court should arbi-

trarily have given them credit for these assessments as against the assessment made against their lands in this proceeding.   To do so would have wiped out any assessments against them for this drain.   It would absolve them from bearing any part of the cost of making a sufficient outlet for the waters which their drains cast upon the lower part of the basin.   The question before the court was, What benefits would flow to the lands of appellants from the construction of this drain? It is not contended that there was not evidence to support the assessments against appellants' lands which the court made.   To support their contention that the court should arbitrarily have allowed them for their previous assessments, counsel for appellants cite §3 of a drainage act of 1881, Acts 1881 p. 410, §5657 Burns 1901.   It needs but a glance to show that this section would have no application to the question involved here, even if such a provision were found in the present law, which it is not.

Appellants have presented no error sufficient to compel a reversal and the judgment is affirmed.

Erwin, J., not participating.

NOTE.—Reported in 114 N. E. 625.  Drainage districts: power and proceedings to establish, Ann. Cas. 1915C 9.  See under (1-3) 14 Cyc 1030.