ARNHAM *v.* ROUND.

1. DRAINS—INJUNCTION—FLOODING LANDS—LANDOWNERS NOT PARTIES HAVE RIGHT TO INJUNCTION.
   Where a proposed drain does not cross plaintiffs' lands, and they are not parties to the drain proceedings, they have a remedy by injunction respecting their claim that the construction of the drain will cause flooding of their lands along the river beyond the extent to which they were previously flooded, to their damage.

2. SAME—DAMAGES—EVIDENCE—SUFFICIENCY.
   Evidence *held*, to support the conclusion of the court below that the construction of a proposed drain will not have the effect of flooding plaintiffs' lands beyond the extent to which they were previously flooded.

3. SAME—PARTIES TO PROCEEDINGS HAVE NO RIGHT TO INJUNCTION.
   Where a township and its highway commissioner, parties

to the drain proceedings, neglected to bring certiorari under 1 Comp. Laws 1915, § 4908, they were not afterwards entitled to an injunction to restrain the construction of the drain for a mere irregularity.

4. SAME—VALID APPLICATION CONFERS JURISDICTION.
    By the filing of a valid application the drain commissioners of two adjoining counties acquired jurisdiction to construct the drain.

5. SAME—EXTENDING DRAIN DOES NOT INVALIDATE PROCEEDINGS.
    The extending of the line of the drain upwards of three miles beyond the route described in the application did not make the proceedings void, but at most was an irregularity.

6. SAME—RIGHT OF WAY—CORRECTION OF PROCEEDINGS.
    The correction of the drain proceedings as to one plaintiff, owner of a lot across which a right of way was not obtained, was properly decreed in a suit to enjoin the construction of the drain.

Appeal from Allegan; Cross (Orien S.), J. Submitted April 21, 1920. (Docket No. 24.) Decided June 7, 1920.

Bill by Oscar Arnham and others against Daniel J. Round and Charles E. Ashley, drain commissioners of Allegan and Van Buren counties, to enjoin the construction of a drain. From a decree for defendants, plaintiffs appeal. Modified and affirmed.

*Clare E. Hoffman,* for plaintiffs.

*Wilkes & Stone,* for defendants.

CLARK, J. The bill was filed to restrain the letting and constructing of a drain. Lee township of Allegan county is adjoined on the east by Cheshire township of the same county and on the south by Columbia township of Van Buren county. Near the southwest corner of section 21, Lee township, and near Lee station on the Pere Marquette railway, several confluent

streams make the head of what is called Black river. The river is about 9 miles in length and empties into Lake Michigan. One of said streams is called Middle branch or Brush creek.

There was filed with the drain commissioner of Allegan county an application to locate and establish a drain commencement, route and terminus of which were:

"Commencing about 25 rods north of S. E. corner of section 25, town one north, range 15 west (Lee), thence in S. W'ly course to center of N. E. ¼, section 36, town 1 north, range 15 west, thence in semi-circle from N. W. corner to S. W. corner W. ½ S. W. ¼, section 31, town 1 north, range 14 west (Cheshire), thence in S. W'ly course to Mud lake in Columbia township, Van Buren county. Channel between Mud lake and Deer lake to be cleaned out; then starting at outlet of Deer lake in N. E. ¼, section 2, Columbia township, Van Buren county, running thence N. W'ly along course of creek (Brush creek) to Lee station."

It is not claimed that this application was in anywise insufficient.

The said drain commissioner also received an application for cleaning out, deepening and extending a township drain known as "Cheshire No. 19" which traverses sections 27, 28, 29 and 30 of Cheshire township and has its outlet at a point on the southwest quarter of section 30, which point is approximately the upper terminus of the drain sought to be established under the application first above mentioned. As to "Cheshire No. 19" the commissioner made a first order of determination but no further proceedings were had, and plaintiffs say that the application for this drain was wholly insufficient and void.

Acting upon the application first above mentioned the drain commissioners of Allegan and Van Buren counties, after a survey, made a first order of determination by which the drain was designated "Brush

creek drain" and from the description of the drain as determined by the order it appears that the commencement is in section 21, Cheshire township, its route embraces substantially the routes of both of said applications, and its terminus is near Lee station. In the proceedings of the Brush creek drain there is no reference to "Cheshire No. 19," and from the record it seems that the route of the Brush creek drain was extended to include the route of "Cheshire No. 19." This extension was over three miles in length. Right of way for the drain was acquired by releases and by condemnation proceedings except (by an oversight) across a lot about five rods in width near the outlet and owned by one of the plaintiffs. The copy of the application filed with the application for the appointment of special commissioners for the condemnation proceedings was not certified as required by 1 Comp. Laws 1915, § 4883. Final order of determination was filed June 19, 1918. On August 10, 1918, when the commissioners were about to let the drain, the bill was filed. Eight individual plaintiffs are owners in severalty of land along Black river below the outlet of the proposed drain. Two of the plaintiffs are the township of Lee and its highway commissioner. The remaining plaintiff is J. Henry Amt Co., a corporation, owner of the lot across which right of way was not obtained. The defendants are the drain commissioners. After the hearing decree was entered dismissing the bill as to all plaintiffs except the J. Henry Amt Co., and as to it the decree provides:

"It is ordered, adjudged and decreed and the court doth order, adjudge and decree that the temporary injunction stand until the defendant drain commissioners secure the right of way of J. Henry Amt Co. and correct the proceedings in the probate court as to the certified copy of the application. And upon filing proof with the clerk of the court in compliance with these conditions that the temporary injunction

in said cause be dissolved and the bill of complaint dismissed and that the said drain commissioners are hereby permitted to take such steps as they are advised are necessary to obtain such right of way. Notice thereof to be served upon Clare E. Hoffman, as attorney for said J. Henry Amt Co."

The plaintiffs have appealed.

1. The proposed drain not crossing their lands and not being parties to the drain proceedings, the eight individual plaintiffs have a remedy by injunction (*Bruggink* v. *Thomas,* 125 Mich. 9; 1 Comp. Laws 1915, §§ 4884, 4908), respecting their claim that the construction of the drain will cause flooding of their lands along the river beyond the extent to which they were previously flooded, to their damage. This question is to be considered on the merits. It seems that by constructing this drain along the line of Middle branch or Brush creek and along the line of the township drain, "Cheshire No. 19," no additional territory is to be drained. Black river is now the outlet for the water of those streams. The bottom width of the drain is to be 2 feet at the upper end which width is to be gradually increased to 16 feet at the outlet. There was an abundance of testimony respecting the fall of the proposed drain, the fall of Black river, capacity of the outlet, height of river banks, character of bottom lands, the sinuosities of the stream, and the flow of the water. The court was favored by opinions and computations respecting the probable result of the construction of the drain. There was sharp conflict as to opinion and conflict as to fact. We have read the record with care. We think the proposed improvement will not have the effect of flooding these plaintiffs' lands beyond the extent to which they were previously flooded and we are confirmed in the opinion by the action of the trial judge who saw the witnesses and heard their testimony. As to these plaintiffs the bill was properly dismissed. *Smafield* v. *Smith.* 153

Mich. 270. Complaint is made respecting rulings by the circuit judge before whom this case was heard holding certain testimony incompetent. The testimony offered even if competent was largely cumulative. The substance of it is in the record. A consideration of it would not affect the result.

2. It is not contended that the plaintiffs township of Lee and its highway commissioner were not parties to the drain proceedings and subject to the provisions of 1 Comp. Laws 1915, § 4908 (quoting in part):

"That the proceedings in establishing any drain shall be subject to review upon certiorari, as herein provided. Notice of such certiorari shall be served upon the county drain commissioner within ten days after the copy of the final order of determination of such commissioner in establishing any drain has been filed with the county clerk. * * * If no certiorari be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and its legality shall not thereafter be questioned in any suit at law or equity."

By the filing of a valid application for the Brush creek drain the commissioners acquired jurisdiction. The extending the line of the drain upwards of three miles beyond the route described in the application did not make the drain proceedings void. The most that could be claimed for it is that it was an irregularity. *Hackney* v. *Elliott*, 23 N. D., at page 389 (137 N. W. 433) ; *Northern Ohio R. Co.* v. *Hancock County Com'rs*, 63 Ohio St. 32 (57 N. E. 1023) ; *McCleery* v. *Zintsmaster*, 187 Ind. 37 (114 N. E. 625) ; *Chapman & Dewey Land Co.* v. *Wilson*, 91 Ark. 30 (120 S. W. 391). Other irregularities are also claimed by these plaintiffs. But as to all these claimed irregularities, these plaintiffs being parties to the drain proceedings, the statute above quoted is controlling.

3. The correction of the drain proceedings as to the plaintiff J. Henry Amt Co. was properly decreed. See

*Sturm* v. *Kelly*, 120 Mich., at page 689. And the portion of the decree above quoted fully protects its rights. See 1 Comp. Laws 1915, § 4886.

4. The decree of the circuit court will be modified as to costs. The plaintiff J. Henry Amt Co. will recover of the defendants the costs of the clerk and sheriff to be taxed together with an attorney fee of $15, as provided in the decree, and may have execution therefor. Of the remaining plaintiffs, defendants will recover the costs of their witnesses to be taxed together with an attorney fee of $15, as provided by the decree, and may have execution therefor. The provision of the decree by which the costs of plaintiff J. Henry Amt Co. were to be set off against the costs of defendants will be eliminated.

The decree as modified is affirmed, with costs of this court to the defendants.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.