Filed Feb. 19, 1895.

------------◆------------

No. 17,185.

## MITCHELL *v.* BRAWLEY.

SPECIAL FINDING.—*Special Verdict.*—*Not Aided by Intendment.*—*Necessary Facts.*—Before a judgment can be rendered in favor of a party having the burden of the issue, all the facts essential to a recovery must be stated in the special finding or the special verdict, and nothing can be taken by intendment.

REAL ESTATE.—*Partition Line.*—*Affecting Wife's Separate Estate.*—*When Agreement as to Between Her Husband and Adjoining Owner not Binding on Her or Her Grantees.*—Where M. conveyed $3\frac{7}{10}$ a. off a certain tract of land to Mrs. D., and M. being dissatisfied with the division line between the tract conveyed and that retained, agreed upon another partition line with Mr. D., the agreement between M. and Mr. D. as to the partition line is not binding on Mrs. D. or any one holding title to the tract by conveyance from her, it not appearing that she ever authorized Mr. D. to make such agreement, or that she knew it was made.

From the Huntington Circuit Court.

*T. G. Smith,* for appellant.

*J. R. Day, M. L. Spencer* and *W. A. Branyan,* for appellee.

MONKS, J.—This is an action for the possession of real estate, brought by appellee against appellant.

There was a special finding of the facts and conclusions of law stated by the court, to which exception was taken at the time.

The assignment of error calls in question the correctness of the conclusions of law.

The facts found by the court were substantially as follows:

That one Mitchell was the owner of a five acre tract of land in Huntington county; that in March, 1873, he conveyed $3\frac{70}{100}$ acres off the north end of said tract to Jemima Van Dolson, which is designated as tract "B," and the part retained as tract "A"; that afterwards, in the year 1874, and while Jemima Van Dolson owned said tract "B," and said Mitchell owned said tract "A," Mr. Van Dolson met said Mitchell on said land, and, by reason of the dissatisfaction of Mitchell about the division line between said tracts "A" and "B" coming too near his house, he and Mr. Van Dolson agreed to a different division line and marked it out by setting stakes at each end, the stake at the east side was 23 feet north and at the west side $37\frac{1}{2}$ feet north of the dividing line, described in the deed from Mitchell to Jemima Van Dolson, which strip is the real estate in controversy.

Said Mitchell and Mr. Van Dolson, jointly caused a fence to be built on such agreed line in the year 1874, which fence has been there ever since, and was there when the plaintiff Brawley purchased tract "B"; that Mitchell, by reason of such agreement, and acting upon it, erected a barn nearly all on this strip, and planted and cultivated trees, vines and shrubs upon said strip, at an expense and outlay of one hundred dollars, all of which yet remains thereon, and the same was used and occupied by him during his lifetime, and the defendant, his grantee and widow, has, since his death up to the present time, used the same in common with tract "A"; that the plaintiff afterwards became the grantee of tract "B" by conveyance from Van Dolson; that when the plaintiff purchased tract "B," said fence, buildings, fruit trees and shrubs were all so located, and defendant was in possession of said real estate in controversy; that

defendant has also kept up the fences around said disputed strip, and maintained side-walks along the same ever since said partition fence was built; that the plaintiff did not claim to own any land south of said fence until shortly before the commencement of this action.

The court, upon the facts found, stated as its conclusion of law that the plaintiff is the owner of, and entitled to the possession of, the real estate described in the complaint, and should have judgment for the possession thereof.

Section 1054, R. S. 1881, section 1066, R. S. 1894, under which this action was brought, provides that the complaint shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession.

It is averred in the complaint that plaintiff is the owner of, and entitled to the immediate possession of, the real estate described.

The finding on this issue is that the "plaintiff became the grantee of tract 'B' by conveyance from Van Dolson," and "that the plaintiff purchased tract 'B,'" etc.

Whether the conveyance in which appellee's name appeared as grantee was executed by Jemima Van Dolson, to whom tract "B" was conveyed by Mitchell, or by Mr. Van Dolson, who agreed with Mitchell upon the line on which the fence was constructed, is not stated.

Appellee is not shown, by the special finding, to be the owner of, and entitled to the possession of, said real estate, nor is there any finding from which it can be reasonably deduced that appellant unlawfully keeps appellee out of possession.

Before judgment can be rendered in favor of a party having the burden of the issue, all the facts essential to a recovery must be stated in the special finding, and

nothing can be taken by intendment. *Yerkes* v. *Sabin*, 97 Ind. 141; *Town of Freedom* v. *Norris*, 128 Ind. 377; *Waymire* v. *Lank*, 121 Ind. 1; *Kehr* v. *Hall*, 117 Ind. 405; *Noblesville Gas and Improvement Co.* v. *Loehr*, 124 Ind. 79.

The rule that nothing can be supplied by intendment applicable to a special verdict, applies with equal force to the special finding of a court.

We think the special finding is too vague and indefinite to sustain the conclusion of law stated by the court.

Counsel for appellant urges with much earnestness, that the agreement made in 1874, fixing the division line between tracts "A" and "B" on a different line from that named in the deed from Mitchell to Jemima Van Dolson, and both parties acting on said agreement in building the fence on the agreed line, and Mitchell making the improvements mentioned in the finding, constituted a binding contract, and is a complete defense to appellee's action.

The finding is, however, that the agreement as to the line upon which the fence was built was made with Mr. Van Dolson, and there is no finding that Jemima Van Dolson, who owned tract "B" at the time, ever authorized him to make such an agreement, or that she knew it was made, or that she ever had any knowledge of the building of the fence or any of the improvements made by Mitchell. Such an agreement would not bind her or any one holding title to tract "B" by conveyance from her.

*Meyers* v. *Johnson*, 15 Ind. 261, and *Horton* v. *Brown*, 130 Ind. 113, cited by counsel for appellant are, therefore, not applicable to the facts stated in the finding.

We think justice will best be done by reversing the judgment, with instructions to award a *venire de novo*. Section 660, R. S. 1881; section 672, R. S. 1894; *Bu-*

*chanan* v. *Milligan,* 108 Ind. 433; *Sohn* v. *Cambern,* 106 Ind. 302.

The judgment is reversed, with instructions to award a *venire de novo.*

