## CRAIG v. BENNETT.

[No. 17,934.    Filed January 13, 1897.]

EJECTMENT.—*Plaintiff Must Have Title at Commencement of Action.* —In order to maintain an action for the possession of real estate the plaintiff must have title at the commencement of the action. A finding that plaintiff became the owner at a time prior to the commencement of the action is not sufficient.

SPECIAL FINDING.—*Nothing Added by Inference.*—Nothing can be added to a special finding of facts by inference or intendment.

SAME.—*Law and Fact.—Cannot Aid Each Other.*—The statement of a fact or facts in the conclusion of law cannot make the special finding good which fails to find such fact or facts.

From the Marshall Circuit Court. *Reversed.*

*J. D. McLaren,* for appellant.

*Samuel Parker,* for appellee.

McCABE, J.—Appellee sued the appellant to recover possession of two acres of land situate in Marshall county.

The issue made by the answer of general denial was tried by the court. Upon proper request the court made a special finding of the facts, upon which it stated conclusions of law. The court rendered judgment in favor of the plaintiff upon the special finding pursuant to the conclusions of law.

The errors assigned, among other things, call in question the conclusions of law.

The only finding as to plaintiff's title was that: "On December 26, 1854, the plaintiff, Sarah H. Bennett, became the owner in fee-simple by conveyance from James I. Sering of the entire north half of lot 40, in what is known as Sering's partition plat or east addition to the town of Plymouth, being part of section 13, Michigan road lands, in Marshall county, Indiana."

The allegation in the complaint is that the plaintiff is the owner in fee-simple and entitled to the possession of the premises, describing them. That means at the present time.

The plaintiff, in order to maintain such an action, must have title at the commencement of the action. *Inge* v. *Garrett*, 38 Ind. 96; Newell on Ejectment, pp. 360, 361; Tyler on Ejectment, pp. 773, 820. And it has been held insufficient to allege title at some previous time. *Wintermute* v. *Reese*, 84 Ind. 308; *Brown* v. *Brown*, 133 Ind. 476. But appellee's counsel contends that the finding being that she owned the premises in fee-simple in 1854, about forty years prior, that the presumption must be indulged that that state of title still continues.

But it has long been an established rule in this court that nothing can be added to a special verdict by inference or intendment. *Lake Shore, etc., R. W. Co.* v. *Stupak*, 123 Ind. 210, 228; *Pittsburgh, etc. R. R. Co.* v. *Spencer*, 98 Ind. 186; *Buchanan* v. *Milligan*, 108 Ind. 433; *Noblesville, etc., Co.* v. *Loehr*, 124 Ind. 79; *Town of Freedom* v. *Norris*, 128 Ind. 377; *Louisville, etc., R. W. Co.* v. *Miller*, 141 Ind. 533; *Fisher, Admr.,* v. *Louisville, etc., R. W. Co., ante,* 558.

It is true, that proof that the plaintiff owned the premises forty, or any other number of years prior to the trial, is sufficient to warrant the inference that

Craig *v.* Bennett.

she still continues the owner in the absence of evidence that she has since ceased to be such owner. But that inference is an inference of fact, and not one of law, and must be found by the trier of the facts. The court cannot draw that inference, because when the court tries the case it acts as a jury, and it is the exclusive trier of the facts.

There was no finding that the plaintiff was entitled to the possession. But counsel for appellee, in answer to this point made by appellant's counsel, refers to the conclusions of law as furnishing a sufficient finding of that fact.

The conclusions of law are as follows: "Upon the foregoing facts the court finds for the plaintiff that she is now and was the owner and entitled to possession of the real estate described in her complaint herein at the commencement of this action, and that the same has been wrongfully detained by the defendant from plaintiff; that the plaintiff is entitled to judgment in the sum of $24.00 for the detention thereof."

Whether the foregoing statement contains any conclusion of law at all may admit of some question. Be that as it may, it contains a statement of several facts that ought to have been found in and among the special findings of fact. But it is settled law in this State that the statement of a fact or facts in the conclusions of law cannot make the special finding good which fails to find such fact or facts. *Stalcup* v. *Dixon*, 136 Ind. 9, and authorities cited.

Therefore, we are constrained to hold that there is no finding that the plaintiff was entitled to possession. Without such a finding the plaintiff was not entitled to judgment recovering possession. *Pittsburg, etc., R. W. Co.* v. *O'Brien*, 142 Ind. 218, and cases there cited; *Roots* v. *Beck*, 109 Ind. 472; *Wilson* v. *Johnson*, 145 Ind. 40.

City of Decatur *v.* Grand Rapids, etc., Railroad Company *et al.*

There are other questions discussed by counsel, but they may not arise on another trial.

, The circuit court erred in its conclusions of law.

Under the circumstances of this case as disclosed by the special findings and conclusions of law, justice will be best subserved by awarding a new trial.

The judgment is therefore reversed, with directions to award a new trial.