## RANKIN ET AL. v. MCCOLLISTER ET AL.

[No. 21,580. Filed December 16, 1910. Rehearing denied March 16, 1911.]

1. DRAINS.—*Remonstrance.—Burden of Proof.*—A remonstrance under §6142 Burns 1908, Acts 1907 p. 508, §3, to defeat the construction of a drain, must be signed by two-thirds of the landowners named in the petition, or affected by the assessment or damages, and the burden of showing that the remonstrance is so signed is on the remonstrators. p. 388.

2. DRAINS.—*Remonstrance.—Sufficiency.—Special Findings.*—Special findings showing that from the lands of certain remonstrators not named in the drainage petition the "surface-water by natural and artificial courses finally flows into the proposed drain," do not authorize the Supreme Court as a matter of law to say that such lands were either benefited or damaged, there being nothing in the findings to show that such lands would be "affected by any assessment or damages." p. 388.

3. APPEAL.— *Special Findings.—Omission.—Inferences.*—Nothing can be added to a special finding by way of inference, presumption, or intendment; and the omission of a material fact from the special findings is deemed a failure of proof as to such fact, and is a finding against the party having the burden of proof thereon. p. 388.

4. DRAINS.—*Remonstrance.—Special Findings.—Appeal.* — Where the special findings do not affirmatively show that two-thirds of the landowners affected signed the remonstrance, a decision for the petitioners will be affirmed. p. 389.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Drainage petition by William E. McCollister and others against which Rebecca A. Rankin and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Smith & Moran* and *Roscoe D. Wheat*, for appellants.

*Frank H. Snyder* and *Whitney E. Smith*, for appellees.

MONKS, J.—This proceeding was brought in the court below by appellees to construct a public drain under the act of 1907 (Acts 1907 p. 508, §6140 *et seq.* Burns 1908).

This appeal was taken under §6143, *supra*, from the judgment establishing said work and approving and confirming the assessments.

At the proper time appellants filed what is known as a

two-thirds remonstrance against the construction of said drain under the first proviso of §6142, *supra*.

The court, on request of the remonstrators, appellants in this court, made a special finding of facts and stated conclusions of law thereon. The conclusions of law were to the effect that said remonstrance was not signed by two-thirds in number of the landowners possessing the qualifications required by §6142, *supra*.

The burden was on appellants to prove that said remonstrance was signed by two-thirds in number of the landowners possessing the qualifications required by said

1. section. As to seventy-eight of the signers of said remonstrance, it was found that their names "are not in the petition and their lands are not described " therein, and that from their said lands "surface-water, by natural and artificial courses, finally flows into the proposed drain," but that they have shown residence in one or the other counties in which it is proposed to construct said drain.

Said §6142 requires that the remonstrance, to be sufficient to defeat the construction of the drain, must be signed by "two-thirds in number of the landowners named as such in such petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated." See *Thorn* v. *Silver* (1910), 174 Ind. 504.

There is nothing in said finding to show that the lands of said seventy-eight remonstrators will "be affected by any assessment or damages." We cannot say as a matter

2. of law, merely from the fact found—that surface-water from the lands of said remonstrators, by natural and artificial courses, finally flows into the proposed drain—that their lands are benefited or damaged.

It is settled in this State that nothing can be added to a special finding by presumption, inference or intendment, and that when any special finding is silent upon a

3. material fact it is deemed to be found against the party who has the burden of proof as to such fact.

*Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 557, 558, and cases cited.

Under this rule it is evident that the seventy-eight persons mentioned in said finding cannot be counted in determining whether said remonstrance was signed by the number necessary to defeat the construction of said drain, because said finding does not show that they possess the qualifications required by §6142, *supra*. See *Thorn* v. *Silver, supra*.

As said persons cannot be counted, the special finding does not show that the remonstrance was signed by the number of persons required to defeat the construction of said drain. It follows that the court did not err in the conclusions of law stated.

Judgment affirmed.