STATE, EX REL. SIEBRASE ET AL. *v.* MEISER, TOWNSHIP
TRUSTEE, ET AL.

[No. 25,615.   Filed October 10, 1929.]

T. *Morton McDonald*, for appellants.
*Morton C. Embree* and *Simon L. Vandeveer*, for appellees.

GEMMILL, C. J.—This action was brought by the State of Indiana on the relation of two taxpayers of Barton Township, Gibson County, Indiana, against the trustee and advisory board of said township, Barton School Township, and certain other defendants, to mandate the township authorities to issue and sell a certain issue of bonds in the sum of $40,000 for the construction of a certain high school building at Mackey, Indiana, as determined upon and awarded; to mandate said authorities to proceed to construct school buildings at Mackey and Somerville first determined upon under and pursuant to certain contracts duly entered into between the township authorities and defendant contractors; to mandate the township authorities to construct a school building at Somerville out of funds available therefor; to declare null and void a certain contract last attempted to be entered into between said township authorities and the defendant William Toelle; and to enjoin the township authorities from issuing and selling certain bonds of Barton School Township and Barton Civil Township for the payment for the construction of the two school buildings last contracted for by the township authorities. The complaint was in one paragraph. Answer in general denial was filed by the defendants, Charles Meiser, Trustee, Barton School Township, Bar-

ton Township Advisory Board, Peoples American National Bank and William Toelle. The remaining defendants were defaulted.

Upon request of the parties, the court made a special finding of facts and stated conclusions of law thereon. The conclusions of law were against the relators. Judgment was rendered that the plaintiff and relators take nothing and that the defendants recover their costs.

On appeal, it is claimed by the appellants that the trial court erred in its conclusions of law Nos. 1 to 8 inclusive. In this court, the appellants are not attacking either conclusion of law No. 1 or No. 2 of the trial court. The remaining conclusions of law are as follows:

No. 3. That the contracts signed on April 15, 1925, by J. Edgar Beatty, trustee of Barton Township, and the defendants, Roth Construction Company, John E. Woolley and Son, Rufus R. Waltz, and Circle Electric Company are void and of no legal effect.

No. 4. That the proposed bond issue of June 21, 1922 and the proposed issue of May 2, 1925, are each null and void.

No. 5. That the attempted sale of $40,000 of the bonds of Barton School Township, and of $30,000 of the bonds of Barton Civil Township, to Peoples American National Bank of Princeton, Indiana, on July 25, 1925, is null and void.

No. 6. That the acts of the trustee of Barton Township, Gibson County, Indiana, and the Township advisory board of Barton Township, Gibson County, Indiana, in advertising for bids and the acceptance of the bid of William Toelle in the total sum of $64,970, on August 3, 1927, are valid, and the defendants Charles Meiser, trustee of Barton Township, and William Howard, Fred W. Schwerdtfeger and August Halwes, as members of the advisory board of Barton Township, Gibson County, Indiana, are legally bound thereby.

No..7. That the acts of the trustee of Barton Township, Gibson County, Indiana, and the township advisory board of Barton Township, Gibson County, Indiana, in advertising for bids and the acceptance on August 3, 1927, of the two bids on the two separate issues of bonds of Peoples American National Bank of Princeton, Indiana, are valid, and the defendants, Charles Meiser, trustee, and William Howard, Fred W. Schwerdtfeger and August Halwes, as members of the advisory board of Barton Township, Gibson County, Indiana, and the defendant, Peoples American National Bank of Princeton, Indiana, are legally bound thereby.

No. 8. That the defendants are entitled to recover of the relators their costs herein laid out and expended.

By excepting to the conclusions of law upon the facts, the party excepting admits, for the purpose of the exception, that the facts are fully and correctly found. *Conner v. Andrews Land, etc., Co.* (1904), 162 Ind. 338, 70 N. E. 376; *Ray v. Baker* (1905), 165 Ind. 74, 74 N. E. 619; *Barney v. Yazoo, etc., Land Co.* (1913), 179 Ind. 337, 101 N. E. 96; *Brown v. Guthrie* (1916), 185 Ind. 669, 114 N. E. 443; *McCleery v. Zintsmaster* (1916), 187 Ind. 37, 114 N. E. 625. Every fact necessary for the plaintiff's recovery must be found and stated in the special finding, or the judgment must be for the defendant. *Kehr v. Hall* (1889), 117 Ind. 405, 20 N. E. 279; *Town of Freedom v. Norris* (1891), 128 Ind. 377, 27 N. E. 869; *Mitchell v. Brawley* (1895), 140 Ind. 216, 39 N. E. 497; *McClure v. Anderson* (1915), 58 Ind. App. 615, 108 N. E. 757. Nothing can be added to a special finding of facts by presumption, inference, or intendment. *Cleveland, etc., R. Co. v. Moneyhun* (1896), 146 Ind. 147, 44 N. E. 1106, 34 L. R. A. 141; *Craig v. Bennett* (1897), 146 Ind. 574, 45 N. E. 792; *Hill v. Swihart* (1897), 148 Ind. 319, 47 N. E. 705; *Crowder v. Riggs* (1899), 153 Ind. 158, 53 N. E. 1019; *Donaldson v. State,*

*ex rel.* (1906), 167 Ind. 553, 78 N. E. 182; *Rankin* v. *McCollister* (1910), 175 Ind. 387, 93 N. E. 209.

Where a special finding of facts is silent upon a material point, it is deemed to be found against the one who has the burden of proof. *Cleveland, etc., R. Co.* v. *Moneyhun, supra; Donaldson* v. *State, ex rel., supra; Rankin* v. *McCollister, supra; Westphal* v. *Heckman* (1916), 185 Ind. 88, 113 N. E. 299. In 2 Watson, Works' Practice §1594, it is said: "On appeal, all facts not embraced in the special finding will be regarded as not proved by the party having the burden of the issue. The failure to find a fact essential to a recovery is equivalent to a finding against the party having the burden of proving the same." It has been decided many times that the special finding should not set forth the evidence, but should state the facts. The rule is a salutary one. *Smith, Admr.,* v. *Goodwin* (1882), 86 Ind. 300. Evidentiary matter in a special finding is to be disregarded and ultimate facts only are to be considered in determining the legal conclusions to be drawn from a special finding. *Parks* v. *Satterthwaite* (1892), 132 Ind. 411, 32 N. E. 82; *Relender* v. *State, ex rel.* (1898), 149 Ind. 283, 49 N. E. 30; *Coffinberry* v. *McClellan* (1905), 164 Ind. 131, 73 N. E. 97; *Cook* v. *Board, etc.* (1910), 175 Ind. 218, 92 N. E. 876, 93 N. E. 995.

All contracts made in violation of the Township Advisory Board Act will, by the terms of the act, be null and void. Acts 1899, ch. 105, §11, §12075 Burns 1926; *Moss* v. *Sugar Ridge Tp.* (1903), 161 Ind. 417, 68 N. E. 896; *Oppenheimer* v. *Greencastle School Tp.* (1905), 164 Ind. 99, 72 N. E. 1100; *Peck-Williamson, etc., Co.* v. *Steen School Tp.* (1903), 30 Ind. App. 637, 66 N. E. 909.

The relators claim that where an act is done which can be legally done only after the performance of some

prior acts, proof of the later act carries with it a presumption of the due performance of the prior acts. Such a presumption does not exist, where the special finding is silent as to certain necessary prior acts. Authorities cited by them on this proposition do not sustain their contention herein.

The special finding in the instant case consists of more than 230 typewritten pages of the record. Copies of the proceedings in regard to three bond issues for the purpose of building two schoolhouses in said Barton Township are set out as part of the finding. Most of this special finding is composed of documentary evidence, when it should be a statement of the ultimate facts derived from the evidence. This court will not attempt to determine what the omitted facts are. Many material facts necessary for plaintiff's recovery have not been found and stated in the special finding, and a failure to find these material facts is a finding against the plaintiff, who had the burden of proof. Conclusions of law in favor of the plaintiff could not have been based on the facts as found by the trial court; so the judgment could not have been erroneous because it was not in favor of the plaintiff. It does not appear that there is error in any of the conclusions of law which are stated in behalf of the defendants for the reasons presented by the appellant.

The judgment is affirmed.