BRYANT *v.* BARGER ET AL.

[No. 16,039. Filed February 10, 1939.]

246

*Otto E. Grant,* for appellant.

*Eichhorn, Gordon & Edris,* for appellees.

DEVOSS, J.—This is an action by appellee, Jacob Barger, as plaintiff, against the appellant, Ozro L. Bryant, as defendant, to quiet his title to a tract of land in Allen County, Indiana, for possession thereof and damages for its unlawful detention. The complaint is in three paragraphs. Upon written motion by Mathias Connor said Connor was made a party defendant and filed his answer in general denial and cross-complaint in two paragraphs.

The appellant Ozro L. Bryant filed an answer in general denial, and a second paragraph of answer, alleging that the title to said real estate held by appellee was in fact only a mortgage, and denying that the relationship of landlord and tenant ever existed between appellee and appellant, and demanded judgment. Appellee filed a reply in general denial to the second paragraph of answer of Bryant. No question is raised as to the sufficiency of the pleadings and on the issues above stated the cause was submitted to the court without a jury.

Upon a request by all parties the court made a special finding of facts and stated its conclusions of law thereon. Appellant separately and severally excepted to each conclusion of law and filed a written motion for a venire de novo.

The court overruled said motion for a venire de novo and rendered judgment on conclusions of law in favor of appellee that appellee is the owner in fee simple of the real estate described in the complaint; that he recover possession thereof from appellant; and that he recover of and from appellant the sum of five hundred dollars for the unlawful detention together with costs, and that his title to said real estate be quieted against all defend-

ants, and that the appellant take nothing by his cross-complaint.

This appeal followed. No motion for a new trial was filed and appellant seeks a review only on alleged errors in conclusions of law.

Appellee Barger, in his brief, has very concisely stated the finding of facts as follows:

"On December 5, 1921, appellant was the owner and in possession of real estate involved in this action. On December 5, 1921, appellant, his wife joining therein, for a valuable consideration, conveyed said real estate to Farmers State Bank, of Ossian, and thereafter said bank retained the record title of said real estate until the 25th day of March, 1931, when deed executed by Farmers State Bank of Ossian to Jacob Barger, appellee, was delivered by said bank to appellee; and at said time a contract to purchase said real estate executed by Farmers State Bank, of Ossian, to Ozro L. Bryant, appellant, was assigned in writing to Jacob Barger, appellee.

"At the time appellant executed his deed to Farmers State Bank, said bank and appellant entered into a written contract authorizing appellant to purchase said farm. Thereafter appellant, by written assignment, transferred said contract to appellee Connor.

"At said time, Jacob Barger, appellee, advised appellant and Connor, if either of them would carry out the terms of the contract of said sale of real estate to appellant and by appellant assigned to appellee Connor, and by appellee Connor assigned to appellee Barger, then appellee Barger would reconvey to either of them the title to said real estate.

"From the time said contract of purchase, held by appellant, and deed were delivered to appellee by Farmers State Bank, of Ossian, appellant occupied said real estate by the consent of appellee on appellee's promise

that he could purchase said farm at any time within three years from the date thereof if he, appellant, would carry out the terms of said purchase agreement and repay to him, appellee Barger, the amount of money which he, appellee Barger, had invested in said real estate, together with interest thereon and pay the taxes and insurance premiums on said farm.

"That appellant had the use of the farm from March, 1931, to March, 1933, and received all the proceeds from crops raised thereon and in March, 1933, the appellee learned that the general taxes on said real estate had not been paid and were delinquent. That the insurance on the buildings had lapsed for nonpayment of premium; that appellant made no payment of interest or principal to appellee and at said time appellee advised appellant that the oral proposition heretofore made to appellant was no longer in effect and said contract was at an end. At said time appellee and appellant entered into an oral contract whereby appellant leased said real estate from appellee; appellee to receive one-third of all crops produced on said farm by appellant during said term of tenancy.

"That appellant for the years 1933 and 1934 delivered a part of the rent to appellee but not his full share of crops raised on said farm.

"That on November 25, 1934, appellee caused a written notice to be served on appellant demanding possession of said premises at the end of the current year which was March 26, 1935. Appellant failed to give possession to appellee and this action was commenced.

"That appellee by virtue of deed executed to him by Farmers State Bank on March 27, 1931, became the owner in fee simple of said real estate and appellant has unlawfully detained the possession of said real estate from the appellee Barger since March 26, 1935."

By excepting to the conclusions of law the appellant admitted, for the purpose of the exceptions, that the facts upon which the conclusions were based were correctly found. The truth of the matter contained in the special finding of fact was not questioned by a motion for a new trial.

Upon such finding of facts the court stated its conclusions of law as follows:

"1st. That the law is with the plaintiff.

"2nd. That plaintiff is the owner in fee simple of the real estate described in the complaint and in finding of fact No. 1 and is entitled to the immediate possession thereof.

"3rd. That plaintiff is entitled to recover damages from the defendant Ozro L. Bryant for the unlawful detention of said real estate in the sum of five hundred dollars.

"4th. That plaintiff is entitled to have his title quieted as against any and all claims of defendants herein.

"5th. That plaintiff should recover of and from the defendants his costs herein laid out and expended."

It is contended by the appellant that the special finding of facts is so uncertain, indefinite and ambiguous that a judgment cannot be rendered thereon and that the same does not cover all the issues.

It has been determined by numerous decisions of this court and the Supreme Court of Indiana that every fact necessary for plaintiff's recovery must be found and stated in the special finding or judgment must be for defendant. *Kehr* v. *Hall* (1889), 117 Ind. 405, 20 N. E. 279; *Town of Freedom* v. *Norris* (1891), 128 Ind. 377, 27 N. E. 869; *Mitchell* v. *Brawley* (1895), 140 Ind. 216, 39 N. E. 497; *McClure* v. *Anderson* (1915), 58 Ind. App. 615, 108 N. E. 757; *State ex rel. Siebrase* v. *Meiser* (1929), 201 Ind. 337, 168 N. E. 185. Nothing can be added to a special finding

of fact by presumption, inference or intendment. *Cleveland, etc., R. Co.* v. *Moneyhun* (1896), 146 Ind. 147, 44 N. E. 1106, 34 L. R. A. 141; *Craig* v. *Bennett* (1897), 146 Ind. 574, 45 N. E. 792; *Hill* v. *Swihart.* (1897), 148 Ind. 319, 47 N. E. 705; *Crowder* v. *Riggs* (1899), 153 Ind. 158, 53 N. E. 1019; *Donaldson* v. *State ex rel.* (1906), 167 Ind. 553, 78 N. E. 182; *Rankin* v. *McCollister* (1911), 175 Ind. 387, 93 N. E. 209; *State ex rel. Siebrase* v. *Meiser, supra.* Where a special finding of fact is silent upon a material point it is deemed to be found against the one who has the burden of proof. *Cleveland, etc., R. Co.* v. *Moneyhun, supra; Donaldson* v. *State ex rel., supra; Rankin* v. *McCollister, supra; Westphal* v. *Heckman* (1916), 185 Ind. 88, 113 N. E. 299; *State ex rel. Siebrase* v. *Meiser, supra.* The special finding should not set forth the evidence but should state the facts. Evidentiary matter in a special finding is to be disregarded and ultimate facts only are to be considered in determining the legal conclusions to be drawn from a special finding. *Parks* v. *Satterthwaite* (1892), 132 Ind. 411, 32 N. E. 82; *Relender* v. *State ex rel* (1898), 149 Ind. 283, 49 N. E. 30; *Coffinberry* v. *McClellan* (1905), 164 Ind. 131, 73 N. E. 97; *Cook* v. *Board, etc.* (1911), 175 Ind. 218, 92 N. E. 876, 93 N. E. 995; *State ex rel. Siebrase* v. *Meiser, supra.*

This court has somewhat relaxed the rule as to inference in the case of *Judah et al.* v. *Cheyne Electric Co.* (1913), reported in 53 Ind. App. page 476, 484, 101 N. E. 1039. The rule stated therein is as follows: ". . . where the primary facts lead to but one conclusion or where the facts found are of such a character that they necessitate the inference of an ultimate fact, such ultimate fact will be inferred and treated as found."

Appellant further contends that the special finding of the court failed to find essential and material facts

within the issues; that the special finding of facts does not show that the plaintiff was the owner of the real estate involved when the action was brought and that said finding does not show that the plaintiff was entitled to the possession of the real estate at the time said action was brought.

The first paragraph of the complaint is in ejectment and for damages and alleges that plaintiff is entitled to the possession of the premises and damages for the unlawful detention thereof.

The second paragraph of complaint alleges that the plaintiff is the owner of said premises and that defendant wrongfully and unlawfully detained the possession thereof from said plaintiff to his damage in the sum of five hundred dollars.

The third paragraph alleges that plaintiff is the owner in fee simple and entitled to the immediate possession of said premises and asks that his title be quieted as against the defendant and for proper relief.

Appellee had the burden of proving the material allegations of his complaint under the issues joined and before he could recover under his first paragraph of complaint it must be shown by the special finding that he was entitled to the possession of said premises on the tenth day of April, 1935, the date of the filing of the complaint herein. Before recovery could be had on the second paragraph the special finding must show that he was the owner in fee simple and entitled to the immediate possession of said premises at the time of the commencement of said cause, and under the third paragraph it is necessary that plaintiff show that he was the owner and entitled to have his title quieted as against defendant.

The special finding of fact does not specifically find that said appellee was the owner of said premises on

the tenth day of April, 1935, the date of filing complaint, or that he was entitled to the possession thereof on said date, and unless the finding as a whole and by intendment can be construed as finding such ultimate facts the judgment herein must be set aside.

The finding does state specifically that the appellee became the owner of the real estate in controversy on March 27th, 1931. That thereafter the appellee leased to the appellant said premises under an oral agreement and that he also extended to him an option to purchase said real estate but that said appellant failed to exercise his said option and failed to pay the rental for said premises in full for the year 1934 as provided in the rental contract; that on November 28th, 1934, appellee served a notice to quit upon said appellant; that appellant failed to give possession and this action was commenced and that appellant has unlawfully detained the possession of said premises from appellee since March 26, 1935.

The record discloses complaint herein was filed on April 10, 1935. It may be that the evidentiary matters stated by the court would have justified an ultimate finding that appellee was the owner of the fee simple title to the real estate involved and entitled to the possession thereof on April 10, 1935. No such finding was made. It does not necessarily follow that by reason of having become the owner thereof on March 27, 1931, that he was still the owner thereof on April 10, 1935.

In the case of *Craig* v. *Bennett* (1897), 146 Ind. 574, 575, 45 N. E. 792, as cited by appellant, the court says: "It is true, that proof that the plaintiff owned the premises forty, or any other number of years prior to the trial, is sufficient to warrant the inference that she still continues the owner in the absence of evidence that she has since ceased to be such owner. But that inference

is an inference of fact, and not one of law, and must be found by the trier of the facts."

The further finding that "The defendant (appellant) has unlawfully detained possession thereof from plaintiff since March 26, 1935," cannot, by intendment or otherwise, be construed to be a finding that appellee was entitled to the possession of said premises on April 10, 1935.

Other questions are discussed by both appellant and appellee in their respective briefs relative to the validity of the deed from Bank to appellee and the authority of the grantor therein to execute the same, and the question of the existence of the relationship of landlord and tenant. These are evidentiary matters considered by the trial court in reaching its ultimate finding, and in the absence of a motion for a new trial cannot be considered by this court on appeal.

Upon the failure of the trial court to find definitely and without ambiguity upon the essential and material facts within the issues we conclude that each conclusion of law of said court Nos. 1, 2, 3, and 4, is erroneous, and that justice to all parties hereto requires a new trial herein.

The 5th conclusion of law relates to the recovery of costs. This conclusion was not warranted and in any event must be disregarded. It is not necessary for the court to state any conclusion of law relative to costs. Our statutes make provisions for the awarding of costs. *Shandy* v. *Bell* (1934), 207 Ind. 215, 189 N. E. 627; *Sputh* v. *Francisco State Bank, etc.* (1938), 105 Ind. App. 149, 13 N. E. (2nd) 880.

Judgment of trial court reversed with instructions to grant a new trial.