BRYANT ET AL. *v*. BARGER.

[No. 16,762. Filed June 17, 1942.]

18

*C. Byron Hayes* and *Otto E. Grant,* both of Fort Wayne, for appellants.

*W. H. Eichhorn, Frank W. Gordon,* and *John H. Edris,* all of Bluffton, for appellee.

BLESSING, J.—This is the second appeal of this case. See *Bryant* v. *Barger* (1939), 106 Ind. App. 245, 18 N. E. (2d) 965. Jacob Barger, appellee, filed a complaint in three paragraphs against appellant Ozro L. Bryant, seeking possession of certain real estate, damages for its detention, and a decree quieting title thereto. Upon written motion by appellant Matthias Connor, said Connor was made a party defendant and filed his answer in general denial and cross-complaint in two paragraphs.

Appellant Bryant filed an answer in general denial, and a second paragraph of answer, alleging that the title to said real estate held by appellee was in fact only a mortgage, and denying that the relationship of

landlord and tenant ever existed between appellee and appellant Bryant. To this second paragraph of answer and to the cross-complaint of appellant Connor, appellee filed a reply of general denial.

The cause was tried by the court, and upon a request of the parties, the court made special finding of facts and stated conclusions thereon. Judgment was rendered on the conclusions in favor of appellee on all three paragraphs of his complaint. Upon appeal to this court, the judgment was reversed because of a failure of the court to find the ultimate fact that appellee was the owner of the fee-simple title to the real estate and entitled to its possession at the time his complaint was filed, and a new trial was ordered. *Bryant* v. *Barger, supra.*

After the case was remanded for new trial, the regular judge disqualified himself from acting further in the cause, and a special judge qualified and assumed jurisdiction. Thereafter appellants filed separate supplemental answers alleging that the holding of this court on the appeal, as the law of the case, had the effect of preventing appellee from further litigating the case under the issues formed, and that he could not recover under either paragraph of his complaint. To these answers, demurrers for want of facts were sustained. Upon retrial of the action before the special judge, the court, at the request of the parties, made special finding of facts, as follows:

"1. That on and for some time prior to December 5, 1921, the defendant, Ozro L. Bryant, was the owner in fee simple and was in possession of the following described real estate in Allen County, State of Indiana: (Here follows description of real estate.)

"That he acquired the title to said real estate by a purchase on October 2, 1912 from the heirs of John W. Snyder, who had been in possession

thereof prior to making said conveyance to the defendant, Bryant; that said John W. Snyder, from whom the title which was afterwards conveyed to the defendant Bryant was inherited, had been in possession of said real estate continuously from a time prior to 1882.

"2. On December 5, 1921, the defendant, Ozro L. Bryant, and Laura E. Bryant, his wife, conveyed the real estate described in each paragraph of the complaint to the Farmers State Bank of Ossian, Indiana, by quit claim deed. At the time of executing said quit claim deed to the Farmers State Bank the defendant Ozro L. Bryant, was indebted to the Citizens Trust Company of Fort Wayne, Indiana, in the sum of more than $9,000.00 for the security of which indebtedness said Bryant and his wife had executed to said Citizens Trust Company a first mortgage on said real estate. He was also indebted to the Farmers State Bank in the sum of more than $10,000.00 and had theretofore, on September 30, 1920, executed to said bank a deed which expressly recited that it was given to secure his indebtedness to said bank, and which was thereafter construed by the Allen Circuit Court and by the United States Court of Bankruptcy to be a mortgage.

"3. In March, 1921, the Citizens Trust Company, of Fort Wayne, commenced its action upon the notes held by it against the defendant Bryant and to foreclose its mortgage upon said real estate, to which action the Farmers State Bank was made a defendant and in which action said Farmers State Bank set up its claim by way of cross-complaint. Judgment was thereafter rendered in said action in favor of the Citizens Trust Company against the defendant, Ozro L. Bryant, in the sum of $9,457.78, and for foreclosure of its mortgage, and decreeing its lien to be a first and superior lien, and judgment was rendered in favor of the Farmers State Bank on its cross-complaint in the sum of $10,918.00, which was decreed to be a second lien against said real estate and decreeing the deed which had been executed by the defendant Bryant and his wife to said bank on the 30th day of September, 1920 to be a mortgage and awarding

to said bank a foreclosure thereof, subject to the mortgage of the Citizens Trust Company.

"4. As the consideration for the quit claim deed executed to the Farmers State Bank on December 5, 1921 by the defendant Bryant and his wife for the real estate in controversy, said bank paid to Laura E. Bryant, wife of the defendant, Ozro L. Bryant, the sum of $50.00 in cash, paid off the judgment of $9,457.78 theretofore rendered against the defendant Ozro L. Bryant, in favor of the Citizens Trust Company, and entered satisfaction of the judgment of $10,918.00 rendered in favor of said bank against said Bryant and paid the costs of said foreclosure proceedings.

"5. At the time of the execution of the quit claim deed to the Farmers State Bank on December 5th, 1921, the defendant Bryant was in possession of the real estate in controversy, and on December 29, 1921, he entered into a written contract with said bank giving him an option to re-purchase said real estate from said bank for the sum of $19,000.00 and was permitted to occupy said real estate on payment to the bank of the sum of $1500.00 per year. Bryant never exercised his option to re-purchase and did not punctually keep up his annual payments and in 1927 the bank demanded the possession of the premises from him. He then entered into negotiations with the bank for a new agreement and on February 28, 1927, the option which had been executed to him in December, 1921 was relinquished and cancelled, and a contract to purchase said land from the bank for the sum of $12,000.00 was entered into between the defendant Bryant and the Farmers State Bank. He was to pay the sum of $1000.00 of the purchase money in cash, and the remaining $11,000.00 in one year from that date with interest at the rate of 5½%. He was given possession under said contract and was to pay the taxes on said real estate and keep the buildings insured. Said contract contained the following provision:

" 'In the event that the second party fails to pay said deferred installment of the purchase money, within the time herein stipulated that the same should be paid, or the taxes herein stipulated to be paid, then the installment of the purchase

money paid this day, and any subsequent payments thereon, shall be forfeited to the first parties as rent for said premises during the time they are occupied by the second party, and the first parties shall be entitled to the immediate possession of said premises and this contract shall be null and void, it being understood that the second party be given possession of said premises concurrently with the execution of this contract, and is entitled to retain the possession thereof, until the forfeiture hereinbefore stipulated.

" 'Second party also agrees that they will keep the buildings on said premises insured in the name of the first parties, until said purchase money is paid, in the amount of $3,000.00 for fire insurance and $4400.00 for tornado insurance.'

"The defendant Bryant paid the $1,000.00 cash payment at the time of the execution of said contract and entered into the possession of said premises thereunder, but he failed to make the payment of $11,000.00 which fell due on February, 28, 1928. On April 5, 1928, at the solicitation of the defendant Bryant, a modification of the purchase contract which had been executed on February, 28, 1927 was agreed upon and was endorsed on the original contract as follows:

" 'In consideration of One Thousand ($1000.00) Dollars paid upon the principal of the within contract, which reduces the face of this contract to Ten Thousand ($10,000.00) Dollars, the terms of this contract is hereby modified as follows:

" 'We, the undersigned in consideration of the above agree to pay to Farmers State Bank, Ossian, Indiana, or their assigns, subject to all the terms set out in the within contract, except that the interest be due and payable June 15th and December 15th hereafter during the term of this contract and we agree to pay One Thousand ($1000.00) Dollars on February 28, 1929; One Thousand ($1000.00) Dollars on February 28, 1930 and Eight Thousand ($8000.00) Dollars on February 28, 1931, together with interest on the deferred payments.'

"This endorsement on the original contract was signed by both the defendant Bryant and the defendant Connor, and was accepted by the bank.

"6. At the time the purchase contract of February 28, 1927 was entered into, the defendant Connor executed a promissory note for $1000.00 as surety for the defendant Bryant to enable him to borrow money to make the original cash payment required, and Bryant endorsed upon the purchase contract an assignment of his interest therein to Connor. The defendant Connor thereafter paid $500.00 of his own means on one of the installments of purchase money, and later paid the sum of $1000.00 of his own mèans on another installment thereof. In addition to these payments he secured Bryant in making loans of $500.00 and of $1300.00 which was used in making payments upon the principal and interest of said installments of purchase money.

"7. In January, 1931, the defendants Bryant and Connor were in default in the payment of interest on the balance of the purchase money, and the bank was demanding payment which they were unable to make. They solicited the plaintiff Barger to assist them. He thereupon agreed to and did furnish the sum of $1500.00 and the defendant Connor supplied a like amount and together they paid on said purchase contract held by the bank the sum of $3,000.00, leaving then unpaid the sum of $5,000.00 of the principal for which the defendants Bryant and Connor had obligated themselves on April 5, 1928.

"8. In March, 1931, after the balance of the purchase money had become due, the bank insisted upon the payment thereof, neither Bryant nor Connor were able to meet the payment; a meeting was held at the bank at which the plaintiff Barger and the defendants Bryant and Connor were present, and after a discussion of the matter, in which both Bryant and Connor expressed their inability or their unwillingness to make further payment, Barger was appealed to and he agreed with the bank and with Bryant and with Connor, that if said contract of purchase was assigned to him and if a deed be executed to him for said real estate giving him a 'good title' and if an abstract be furnished him for the same, that he would pay the balance of the purchase money which then amounted to $5,000.00 with accrued interest of

$43.33. The proposition of Barger was accepted and on said day the defendant Connor, with the full knowledge, consent and acquiescence of the defendant Bryant, assigned in writing to the plaintiff Barger said purchase contract.

"On March 27, 1931, the plaintiff, Jacob Barger, paid to the Farmers State Bank the sum of $5043.33, the balance then due on said contract, pursuant to the above mentioned agreement, and said bank thereupon executed to him an assignment of the purchase contract, and executed and delivered to him its deed for said real estate, together with an abstract of title thereto, which it then held.

"9. On March 25, 1930, at the time the interests of Connor and the Farmers State Bank were transferred to the plaintiff Barger, he orally agreed with Bryant and Connor that if they, or either of them, would thereafter carry out the terms of said purchase agreement and repay to him the amount of money which he had then invested in the said land, together with interest thereon, at any time within three years, and if said Bryant would pay the taxes on said land and the insurance and current repairs that he would convey said land to them, or either of them.

"10. The defendant Bryant, who had during all of this time been in possession of said real estate, continued in possession thereof. That in March, 1933 the plaintiff Barger ascertained that the taxes had not been paid, that the insurance on the buildings on said real estate had been permitted to lapse or expire, no payments of any sum whatever had been made to him on the purchase price of said real estate and the defendant Bryant had been receiving all the rents and income from said land. The plaintiff Barger thereupon informed the defendant Bryant that the proposition theretofore made by him was no longer in effect and that his contract was at an end and offered to lease said real estate to said Bryant as a tenant. The plaintiff Barger and said Bryant thereupon agreed that said Bryant would occupy said real estate as a tenant, furnish everything and give to the plaintiff Barger two-fifths of the crops produced as rent. Said contract was entered into about March 26, 1933.

"11. During the crop year of 1933 some division of crops was made and the defendant Bryant turned over and delivered to the plaintiff Barger a share of the corn and beans produced on said land. During the crop year of 1934 a portion of the crops produced was also turned over and delivered to the plaintiff Barger, but his full two-fifths share was not delivered to him.

"12. On the 28th day of November, 1934, plaintiff Barger caused a written notice for the possession of said premises to be served upon the defendant Bryant, demanding the possession thereof at the end of the current year, which was March 26, 1935, and on failure of Bryant to surrender pursuant to that notice this action was commenced.

"13. In connection with the action filed by the plaintiff for the possession of said real estate he filed his affidavit for immediate possession under the statute, and the defendant within five days executed the undertaking required by statute to permit him to retain possession. That said defendant had been in possession of said premises continuously since the commencement of this action and is now in possession. The fair rental value of said premises is $500.00 per year, and that the total damages to which plaintiff is entitled is $3000.00 which includes damages for the crop year of 1940.

"14. The plaintiff, Jacob Barger, by virtue of the deed executed to him by Farmers State Bank on March 27, 1931, became the owner in fee simple of the real estate described in Finding Number 1, and he, at the time of the filing of his cause of action herein, and ever since said time, was the owner and entitled to the possession of the real estate described in Finding Number 1 and said plaintiff is now the owner of said real estate described in Finding Number 1 and now is entitled to the possession thereof and the defendant, Ozro L. Bryant, has unlawfully detained the possession thereof from the plaintiff since March 26, 1935."

Upon such findings, the court stated its conclusions of law as follows:

"1. That the law is with the plaintiff.

"2. That the plaintiff was the owner, and entitled to the possession of the real estate described in Finding of Fact No. 1, on April 10, 1935, the date this suit was commenced, and is now the owner, and entitled to the possession thereof.

"3. That the plaintiff should recover of and from the defendant, Ozro L. Bryant, damages for the unlawful detention of said real estate in the sum of $3,000.00.

"4. That plaintiff was, on said April 10, 1935, and is now, entitled to have his title quieted as against any and all claims of defendants herein."

Judgment was again rendered in favor of appellee, that he was the owner in fee simple and entitled to the possession of the real estate, and that he recover from appellant Bryant such possession and the sum of $3000 damages for unlawful detention thereof, and that appellee's title thereto be quieted as against the claims of appellants.

From the judgment, appellants have perfected an appeal, and separately assign the following errors:

1. Error of the court in sustaining demurrers to the supplemental answers filed by appellants after the cause was remanded for retrial.

2. Error of the court in overruling the objections of appellants to submitting the cause for trial and in submitting same over their objections after the former judgment had been reversed.

3. Error of the court in its first and second conclusions of law.

4. Error of the court in overruling appellants' motion for new trial. The particular specifications in the motion for new trial upon which appellants rely for reversal are that the finding of the court is not sustained by sufficient evidence, and that the court erred in admitting in evidence, over appellants' objections,

a certified copy from the recorder's office of the deed from the Farmers State Bank to appellee.

The questions raised and the principal propositions stated in assignments of error (1) and (2) above, are the same, and will be discussed together. Under these assignments, it is appellants' position that, since the judgment was reversed on the former appeal because of the failure of the finding of the court to contain the ultimate fact essential to appellee's recovery, he was the owner and entitled to the possession of the real estate in question at the time he filed his complaint, and since appellants thereafter asserted by supplemental answers that justice could not be done appellants, within the meaning of the statement of this court on the former appeal that "justice to all of the parties hereto requires a new trial" by relitigating the issues as formed, it was error to sustain demurrers to such supplemental answers and resubmit the action under the pleadings.

In support of this contention, appellants state "that it was not the intention of the Appellate Court to grant appellee the right to relitigate the question of right of possession and ownership but was obviously the intention to permit him (Connor) to offer proof of the money advanced by him, that he had a lien on the real estate for such amount and that Connor might have an opportunity to prove the amount he had advanced and whether he had a lien and whether there were any priorities in liens claimed by Barger and to permit Bryant to show any equity he might claim." Appellants seem to take the view that, even though the mandate of this court did not order the trial court to restate its conclusions of law and enter judgment accordingly, but ordered a new trial of the action, yet the appellee should be prevented from further litigating his action under the issues.

Appellants also point out that in the recent case of *Dickason* v. *Dickason* (1940), 107 Ind. App. 515, 18 N. E. (2d) 479, wherein the case was reversed for failure of the trial court to find that appellee was the owner and entitled to the possession of the real estate involved, this court mandated the lower court to restate its conclusions of law and did not grant a new trial. However, they have failed to observe that the mandate in that case was amended by ordering the trial court to set aside the former judgment and grant a new trial. Such amended mandate is a part of the published opinion in that case. See 107 Ind. App. page 526. The Supreme Court considered such amended mandate in affirming the judgment rendered upon the second trial in that action. See *Dickason* v. *Dickason* (1942), 219 Ind. 683, 40 N. E. (2d) 965.

It is apparent that appellants are under a misapprehension as to the intention of this court upon reversal of the former judgment, and the effect of ordering a new trial of the action. It should be noted that appellants, in speaking of the special finding made in the former trial, state that this court held that the special finding did not show any fact or evidentiary facts which would force the conclusion that the ultimate fact of ownership and right to possession of the real estate existed, which is the law of this case, and hence the fact that judgment must be for appellants is the law of the case and binding upon the court. Such statement is unwarranted and unfounded in fact, for this court, in *Bryant* v. *Barger, supra,* at page 253, said:

"The record discloses complaint herein was filed on April 10, 1935. It *may be* that the evidentiary matters stated by the court would have justified an ultimate finding that appellee was the owner of the fee simple title to the real estate involved and entitled to the possession thereof on April 10, 1935. No such finding was made." (Our italics.)

The case of *Dickason* v. *Dickason* (1942), 219 Ind. 683, 693, 40 N. E. (2d) 965, clearly disposes of this contention adversely to appellants. In that case, the court, after stating the application of the rule known as "the law of the case," said:

"On the second trial . . . additional evidentiary facts were found and also the ultimate fact that at the time he instituted this action the appellee was the owner of the real estate in question. The decision in the former appeal did not determine the question as to whether the facts stated in the special finding now before the court were sufficient to sustain the conclusion of law which the trial judge stated in this finding of facts. On this question, therefore, the decision of the Appellate Court did not become the law of the case."

In the instant case, as in that case, the decision of this court was based entirely on the sufficiency of the special finding of facts to support the conclusions of law.

In finally disposing of this contention, it should be further observed that upon the original trial, appellant Connor, under the issues formed by the paragraph of complaint seeking to quiet title and answer and cross-complaint filed thereto, had a right to, and did, offer proof of facts which, if sufficient, would have entitled him to a lien on the real estate in question. That same opportunity was afforded him in the second trial, after reversal of the first judgment and a new trial ordered. It is difficult to see how justice to all the parties was not done by retrial of the action. The court did not err in sustaining the demurrer to the supplemental answers of appellants, nor in overruling their objections to the submission of the cause for trial and in submitting it over their objections.

In support of the assignments of error that the court erred in its conclusions of law Number 1, that the law is with the plaintiff (appellee), and Number 2, that

plaintiff (appellee) was the owner and entitled to the possession of the real estate on the date his action was commenced, and is now the owner and entitled to such possession, appellants contend that "the bank entered into a written contract with Bryant, which vested in said Bryant some equitable interest in the real estate involved," and that "there is no fact found to the effect that said interest was ever divested or forfeited." It is further contended that the findings do not support the conclusions because appellee is not shown to have become the owner of the fee-simple title to the real estate as a result of the various transactions.

However, the court found that appellant Bryant had conveyed the real estate by deed to the bank; that thereafter he was in default under the terms of the purchase contract with the bank; that he assigned his interest therein to appellant Connor; that thereafter appellants were in default of such contract, and after appellee had assisted them, neither of appellants were able to pay the balance; that both appellants were unable and unwilling to pay the balance due, and appellee then agreed to pay it only if he received an assignment of the contract by appellant Connor and by the bank, and if a deed were executed by the bank giving him "good title"; that such assignments were made, and the balance paid the bank by appellee; and thereafter a deed was executed to appellee by the bank. We are of the opinion that the finding of facts amply support conclusions of law Numbers 1 and 2, and consequently they are not erroneous.

Appellants contend that the finding of the court is not sustained by sufficient evidence, and complain that no consideration was shown for the deed by appellant Bryant to the bank. There is evidence, however, showing ample consideration, for it

was shown that he was indebted to the bank at the time of the conveyance; that the bank had paid a judgment theretofore rendered against him by the Citizen's Trust Company, and had released its judgment which it held against him. The evidence, although conflicting, is sufficient to sustain the finding that appellee became the owner of the legal title, subject to the rights of appellants under the purchase contract. There was evidence that the bank was threatening to sell the land, and at the time the contract was assigned to appellee, appellant Connor stated in the presence of appellee and appellant Bryant that "I am too old a man to carry this contract. Mr. Barger, you take it over;" that appellee said that if he did take it over he wanted the deed to the farm and good title; and that appellee said that if appellants could pay him he would deed it back. There was also ample evidence, although conflicting, that after appellee had become the owner of the real estate, he leased it to appellant Bryant, and that the relation of landlord and tenant existed between them at the time appellee served on appellant notice to quit. The evidence is sufficient to support the finding of all the essential facts contained in the special finding of facts.

Lastly, appellants assign error in admitting in evidence a certified copy of the records of the recorder's office of the deed from the bank to appellee. The objections to the deed were that it was not signed by the officers of the bank authorized to so sign it by resolution of the bank; that when it was first executed, the grantee was not named, but the space was left blank, and it was then forwarded to another bank as security for a loan, and later returned to it with no grantee named; that thereafter the names of appellee and appellant Connor were inserted in the deed and later the name of appellant Connor was stricken out and the

deed delivered to appellee, without authority so to do, and that the deed was consequently void and · could furnish no basis of title to the real estate in appellee. The resolution of the bank authorizing a conveyance of the real estate was introduced in evidence. It authorized the president and vice president to make such conveyance, but the deed was finally executed by the bank's president and its cashier.

As to the contention that the deed was void for lack of authority of the particular officer or officers in executing the deed and in inserting the appellee's name as grantee, we are of the opinion that appellants are, by their conduct, estopped to assert such objection. It is disclosed by the evidence that, after appellee was induced to pay the bank the balance due, and had stated, in the presence of both appellants and the cashier of the bank, that he wanted the deed to the farm, the following writing was prepared by the cashier:

> "March 25, 1931, for value received, I hereby assign all my right, title and interest in this contract to Jacob Barger and authorize Farmers State Bank to turn the deed for said farm over to Jacob Barger."

This writing was signed by appellant Connor and witnessed by appellant Bryant and the cashier of the bank.

This same evidence is sufficient to estop appellants from objecting to the deed on the ground that it was void because of having previously been executed in blank. However, in the absence of such an estoppel, the objection is not well taken for the reason that at the times referred to in the objection, the deed had not yet been delivered. Until delivery it was inoperative, a mere scrap of paper, and as a con-

veyance, it neither became void or voidable. *Miller* v. *Miller* (1942), 110 Ind. App. 191, 38 N. E. (2d) 343. There was no error in admitting the deed in evidence.

Judgment affirmed.

NOTE.—Reported in 42 N. E. (2d) 429.